**Joseph CLEMANS, Plaintiff,**

v.

**BEAVERHEAD COUNTY, MONTANA, acting By and Through its BOARD OF COUNTY COMMISSIONERS; Eliel, John L., County Commissioner, and as an individual; Miller, Robert N., County Commissioner, and as an individual; and Barrett, James G., County Commissioner, and as an individual, Defendants.**

**No. CV 85–180–BU–CCL.**

United States District Court,
D. Montana,
Butte Division.

May 30, 1986.

Barry L. Hjort, Helena, Mont., for plaintiff.

C. Richard Anderson, Poore, Roth & Robinson, Butte, Mont., W.G. Gilbert, III, Beaverhead Co. Atty., Dillon, Mont., for defendants.

## MEMORANDUM AND ORDER

LOVELL, District Judge.

Defendants move to dismiss this action pursuant to Rules 12(b)(1) and (6) of the

Federal Rules of Civil Procedure. The parties have submitted briefs. Upon consideration of the briefs and applicable law, the Court finds defendants' motion meritorious.

Plaintiff Joseph Clemans, a former employee of Beaverhead County (Montana), seeks damages for his allegedly improper discharge from that employment. Plaintiff has filed a four-count complaint against Beaverhead County and three of its commissioners, defendants Eliel, Miller and Barrett. Count One alleges plaintiff was discharged without prior notice and without a pre-termination hearing to contest the grounds for such discharge. Plaintiff alleges he was denied due process under the fifth and fourteenth amendments and predicates jurisdiction of Count One upon 42 U.S.C. § 1983. In addition to this civil rights claim, plaintiff raises three state law claims in Counts Two through Four: breach of the implied covenant of good faith and fair dealing attendant contracts of employment, fraudulent and oppressive conduct (a claim for punitive damages), and intentional infliction of emotional distress. Plaintiff alleges the Court has pendent jurisdiction of the state law claims.

Considering the facts in the light most favorable to the plaintiff for the purpose of the pending motion, it appears that Clemans worked for Beaverhead County for approximately 15 years. From 1973 through April 1984, he worked as a county road foreman. At all times relevant to this action, defendants Eliel, Miller and Barrett were county commissioners.

On April 20, 1984, plaintiff received a letter signed by defendant Eliel advising him that his employment with the county was terminated effective April 19, 1984. The letter indicated plaintiff was discharged for appropriating county property and personnel for his personal use.

It also appears that the Beaverhead County Attorney filed an information in April 1984 charging plaintiff with the offense of theft of public property. That criminal case went to trial in October 1984. The state trial judge dismissed the charge of felony theft and the jury found Clemans not guilty of the lesser offense of misdemeanor theft. It further appears that the facts of plaintiff's termination and his criminal prosecution were the subject of various stories in the news media.

A rule 12(b)(6) motion to dismiss for failure to state a claim is viewed with disfavor because the primary objective of our legal system is to obtain a determination on the merits, not a dismissal based on pleadings rather than proof. *See*, e.g., *Rennie & Laughlin, Inc. v. Chrysler Corporation*, 242 F.2d 208 (9th Cir.1957). For this reason, a complaint is liberally construed in the light most favorable to the plaintiff. The Court takes as true the factual allegations of the complaint. *See Experimental Engineering v. United Technologies*, 614 F.2d 1244 (9th Cir.1980); 2A Moore's Federal Practice, § 12.07 (1985). The Court cannot dismiss a complaint for failure to state a claim unless it is clear that plaintiff is not entitled to any relief under any set of facts which could be proved in support of the claim. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Jablon v. Dean Witter & Company*, 614 F.2d 677 (9th Cir.1980).

Plaintiff's federal cause of action rests on his claim that he did not receive prior notice or a prior hearing concerning his discharge. He alleges that his due process rights under the fifth and fourteenth amendments have been violated. He claims he has been deprived of a property interest in his continued employment (and related benefits), and a liberty interest in his reputation, without due process.

By the terms of 42 U.S.C. § 1983, two allegations are required in order to state a cause of action. First, plaintiff must allege that some person has deprived him of a federal right. Second, plaintiff must allege that the person who has deprived him of that right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923–24, 64 L.Ed.2d 572 (1980); *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). Since defendants do not dispute that they acted under color of state law when they decided to terminate plaintiff's

employment, analysis of the pending motion to dismiss depends on whether plaintiff has been deprived of a federal right. As stated above, Clemans alleges he was denied procedural due process.

It is well settled that property interests do not arise from the United States Constitution, but "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). *See also Loehr v. Ventura County Community College District,* 743 F.2d 1310 (9th Cir. 1984). Federal constitutional law then determines whether that interest, once created, rises to the level of a legitimate claim to entitlement protected by the due process clause. *Loehr,* 743 F.2d at 1314.

■ There is no indication in the complaint that plaintiff was anything but an "at-will employee." Clemans was not hired for any specific term of employment. The relevant Montana statute, Mont.Code Ann. § 39–2–503, provides: "An employment having no specified term may be terminated at the will of either party on notice to the other."

Under Montana law, employers may discharge untenured employees at will and without prior notice or hearing. *See Crenshaw v. Bozeman Deaconess Hospital,* — Mont. —, 693 P.2d 487 (1984). The developing Montana tort law on the implied covenant of good faith and fair dealing attendant employment contracts does not create a property interest in continued employment on behalf of employees hired for unspecified terms of employment. In *Crenshaw,* the Montana Supreme Court reaffirmed the continuing vitality of the "at-will employment" doctrine by stating:

"This requirement of good faith and fair dealing does not conflict with Section 39–2–503, MCA, but merely supplants it. Employers can still terminate untenured employees at-will and without notice. They simply may not do so in bad faith

or unfairly without becoming liable for damages."
693 P.2d at 492.

In summary, Montana law creates no property interest in continued employment on behalf of at-will employees. The fact that Montana case law has found an implied covenant of good faith and fair dealing in contracts of employment, the breach of which is treated as a tort, does not vest in plaintiff a property interest protected by the due process clause. Without such a property interest in continued employment, plaintiff cannot make out a claim for deprivation of his due process rights.

■ Assuming arguendo that plaintiff had a protected property interest in continued employment, I am of the opinion that Count One still does not state a valid cause of action under 42 U.S.C. § 1983. The existence of adequate state remedies to redress deprivation of property interests by persons acting under color of state law avoids the conclusion that there has been any constitutional deprivation of property without due process of law within the meaning of the fifth and fourteenth amendments. *Parratt, supra* (addressing negligent deprivation of property). Read liberally, plaintiff's complaint alleges the intentional deprivation of his interest in continued employment. The Supreme Court, however, has suggested that a § 1983 action is precluded by the availability of adequate state post-deprivation remedies in this context as well. *See Ingraham v. Wright,* 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977) (involving intentional deprivation of physical liberty). In the instant case, there are adequate state remedies. Plaintiff's own complaint, in Counts Two through Four, raises state law claims that could afford him full and complete redress for defendants' allegedly wrongful termination of his employment.

In conclusion, with respect to plaintiff's deprivation of property claim, I recognize that property interests are within the ambit of protection of § 1983. *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). Property rights include the legitimate entitlement of continued public em-

ployment. *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974). The dimensions of such property interests are defined by existing rules stemming from state law. *Roth, supra.* Under Montana law, plaintiff, as an at-will employee of Beaverhead County, did not have a legitimate entitlement or constitutionally protected property interest in continued employment. *Crenshaw, supra.;* Mont.Code Ann. § 39-2-503. Thus, Count One of the complaint filed herein fails to state a § 1983 claim for deprivation of property.

Plaintiff, in his brief opposing defendants' motion to dismiss, indicates that Count One should also be read as including a deprivation of liberty claim. To-wit, Clemans alleges the actions of defendants in terminating his employment, and allowing that fact (and the fact of his criminal prosecution) to become publicized, injured his reputation. Reputation is neither liberty nor property within the meaning of the due process clause. Thus, injury to reputation alone is not protected by the fifth and fourteenth amendments. *cf. Perry v. Sindermann*, 408 U.S. 593, 599, 92 S.Ct. 2694, 2698, 33 L.Ed.2d 570 (1972). Count One, therefore, also fails to state a § 1983 claim for deprivation of liberty.

Anticipating the Court's dismissal of plaintiff's federal civil rights cause of action, defendants also have moved for dismissal of the pendent state law claims contained in Counts Two through Four. While the Court does have discretion to decide these claims, *Rosado v. Wyman*, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970), it generally is not proper to continue to exercise pendent jurisdiction over state law claims when all federal claims are dismissed in advance of trial. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). I can find no valid reason for retaining the pendent claims asserted against defendants. Judicial economy and fairness to the litigants require trial of these claims in state court.

For the reasons stated above,

IT IS ORDERED that Count One of the complaint filed herein is DISMISSED with prejudice.

IT IS FURTHER ORDERED that Counts Two, Three and Four of the complaint filed herein are DISMISSED without prejudice.