24 F.3d 249
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Dawne STOKES, Plaintiff-Appellant,
v.
Elsie LAMMA; William Rappold; Dale Shelton; Robert Hovde,
Defendants-Appellees.
 No. 93-35733.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 28, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dawne Stokes appeals the district court's dismissal of her 42 U.S.C. Sec. 1983 action pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990), and affirm.
 
 
 3
 In reviewing the district court's decision, we accept the facts alleged in the complaint as true. Id. Stokes was a deputy clerk in the Pondera County Clerk and Recorder's Office ("Clerk's Office"). According to Stokes, defendant Elsie Lamma made work conditions so oppressive for Stokes that she was forced to resign from her position for health reasons. Stokes subsequently filed this action pursuant to section 1983 alleging that defendants' actions deprived her of employment without due process. The district court dismissed the action on the ground Stokes did not have a constitutionally-protected property interest in continued employment at the Clerk's Office.[1]
 
 
 4
 Stokes contends that she had a protected property interest under Montana's Wrongful Discharge From Employment Act, Mont.Code.Ann. Secs. 39-2-901-15 (1993) ("WDEA"). This contention lacks merit.
 
 
 5
 Stokes's constitutional claim depends on her having a protected property interest in continued employment at the Clerk's Office. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985); Walker v. City of Berkeley, 951 F.2d 182, 183 (9th Cir.1991). Stokes has such an interest only if she had a "reasonable expectation" or "legitimate claim of entitlement" to her former job, rather than a mere "unilateral expectation." Brady v. Gebbie, 859 F.2d 1543, 1547-48 (9th Cir.1988) (citing Board of Regents v. Roth, 408 U.S. 564, 577 (1972)), cert. denied, 489 U.S. 1100 (1989). Because property interests are not created by the Constitution, Stokes must point to some independent source, such as state law, that supports her claim of entitlement. See Roth, 408 U.S. at 577; Brady, 859 F.2d at 1548.
 
 
 6
 Stokes correctly asserts that a state law that conditions the termination of an employee on a finding of good cause "creates a reasonable expectation of continued employment, and thus a protected property right." Brady, 859 F.2d at 1548. We do not agree with Stokes, however, that the WDEA conditioned her discharge on a finding of good cause. See Mont.Code Ann. Sec. 39-2-904(2) (providing that a discharge is wrongful if the employee is nonprobationary and the discharge is not for good cause).[2] We agree instead with the district court that Stokes was an "at-will" employee.
 
 
 7
 Under Montana law, an "at-will" employee "is one whose term of employment has no specific duration." Medicine Horse v. Trustees, Big Horn County School Dist. No. 27, 823 P.2d 230, 232 (Mont.1991); see also Mont.Code Ann. Sec. 39-2-503; Clemans v. Beaverhead County, 655 F.Supp. 68, 71 (D.Mont.1986). Stokes did not allege in her complaint that her term of employment was of specific duration, nor does the record contain any such evidence. Thus, the district court did not err by finding that Stokes was an "at-will" employee. See Medicine Horse, 823 P.2d at 232; Mont.Code Ann. Sec. 39-2-503; Clemans, 655 F.Supp. at 71.
 
 
 8
 Stokes argues she was not an "at-will" employee because enactment of the WDEA rendered the "at-will" doctrine a nullity in Montana. The Montana Supreme Court has made clear, however, that the "at-will" doctrine is still a viable part of Montana employment law and, more important, that the WDEA did not nullify the doctrine. See Medicine Horse, 823 P.2d at 232; see also Scott v. Eagle Watch Investments, Inc., 828 P.2d 1346, 1349 (Mont.1991) (citing Medicine Horse ). Indeed, the WDEA itself contains a provision recognizing the doctrine. See Mont.Code Ann. Sec. 39-2-902 (providing that "[e]xcept as limited in [the WDEA], employment having no specified term may be terminated at the will of either the employer or the employee on notice to the other for any reason considered sufficient by the terminating party"). Stokes has failed to offer any persuasive reason why the district court or this court should disregard these authorities.[3]
 
 
 9
 The district court did not, as Stokes suggests, give improper effect to state law by relying on the Montana Supreme Court's decision in Medicine Horse. It is true that we look to state law to determine whether a property interest exists, and then apply federal law to determine whether that interest is entitled to constitutional protection. See FDIC v. Henderson, 940 F.2d 465, 475 (9th Cir.1991). Here, the district court correctly held that, under Medicine Horse, Stokes was an "at-will" employee and, therefore, did not have a property interest in continued employment at the Clerk's Office. Having determined that Stokes did not have a property interest, the district court was not required to take the next step and apply federal law because Stokes did not have a property interest to protect.
 
 
 10
 Stokes also contends she had a property interest in her former job because the Clerk's Office maintained internal grievance procedures she was entitled to invoke. This contention lacks merit. Even if Stokes had a right to invoke the grievance procedures, and defendants failed to follow those procedures, "a substantive property right cannot exist exclusively by virtue of a procedural right." Dorr v. County of Butte, 795 F.2d 875, 877 (9th Cir.1986). Stokes did not allege, nor does the record show, that the grievance procedures required that employees be terminated only for good cause. Thus, the fact that grievance procedures were available or that defendants failed to follow those procedures does not give rise to a property interest. See id.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We therefore deny Stokes's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In her complaint, Stokes also alleged a wrongful discharge claim under state law. After dismissing Stokes's federal claim, the district court declined to exercise supplemental jurisdiction over her state claim. The court stated, however, that the dismissal was without prejudice to Stokes's right to assert her state claim in state court
 
 
 [2]
 The WDEA defines a "discharge" as including, among other things, a constructive discharge or resignation. Mont.Code Ann. Sec. 39-2-903(2)
 
 
 [3]
 Thus, we reject Stokes's contention that her status as a nonprobationary employee is dispositive because the WDEA provides that nonprobationary employees may only be terminated for cause. In fact, the Montana Supreme Court rejected a similar argument in Medicine Horse. See 823 P.2d at 233-34