No. 12909

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

CITY OF HELENA, a municipal corporation,
JACK WILLIAMS, Chief of Police of said
City of Helena, et al.,

Applicants,

-vs-

THE DISTRICT COURT OF THE FIRST JUDICIAL
DISTRICT OF THE STATE OF MONTANA, IN AND
FOR THE COUNTY OF LEWIS AND CLARK, and the
HONORABLE PETER G. MELOY, Presiding Judge,

Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Applicants:

C. W. Leaphart, Jr., argued, Helena, Montana

For Respondents:

Loble, Picotte and Pauly, Helena, Montana
Gene A. Picotte argued, Helena, Montana

---

Submitted: December 16, 1974

Decided: JAN 10 1975

Filed: JAN 10 1975

Thomas J. Kearney
                        Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an original proceeding. On November 14, 1974, applicants petitioned this Court for a writ of supervisory control or other appropriate writ restraining respondent district court from acting in excess of its jurisdiction in granting a jury trial to George Miskovich plaintiff in Cause No. 38221 before it. Plaintiff, a Helena police officer, was accused of official misconduct during the arrests of several individuals at various times in 1973 and 1974. Proceedings were conducted before the Helena Police Commission as provided under Montana's Metropolitan Police Law, sections 11-1801 through 11-1837, R.C.M. 1947. After receiving both testimonial and documentary evidence, the Commission was able to substantiate some of the charges against plaintiff and ultimately took disciplinary action. Thereafter plaintiff instituted Cause No. 38221 by filing a complaint in the district court, Lewis and Clark County, pursuant to the review provisions of subsections (7) and (8) of section 11-1806, R.C.M. 1947. Contained in the prayer for relief was a request for jury trial.

On November 14, 1974, following an ex parte hearing, this Court issued an alternative writ ordering respondent to either deny plaintiff's demand for a jury trial or to show cause why this should not be done. A show cause hearing was set for and held on December 17, 1974, with the parties submitting briefs and arguing orally. The sole issue is a legal one: Does section 11-1806, R.C.M. 1947, entitle a police officer to a jury trial in the district court? That statute provides in pertinent part:

> "(7) When a charge against a member of the
> police force is found proven by the board,
> and is not vetoed by the mayor, the mayor must
> make an order enforcing the decision of the
> board, or if modified by the mayor, then such
> decision as modified, and such decision or order
> shall be subject to review by the district court

- 2 -

of the proper county on all questions of fact and all questions of law.

"(8) The district court of the proper county shall have jurisdiction to review all questions of fact and all questions of law in a suit brought by any officer or member of the police force * * *."

In State ex rel. Mueller v. District Court, 87 Mont. 108, 113, 285 P. 928, this Court outlined the nature and function of the police commission:

" * * * An accused officer is guaranteed a trial upon the charges against him before an independent, specially created tribunal which has exclusive jurisdiction of the subject matter. In other words, the police commission is a special tribunal, created by statute, having quasi-judicial powers to hear and determine charges preferred against a member of the police department. It is a subordinate and administrative tribunal, vested with disciplinary powers, and is not limited by the provisions of the Constitution which apply to courts."

Thus the question is one of administrative law; more specifically, it concerns review of an administrative decision. The district court has power under section 11-1806 to review-- whatever that entails, but no more. We agree with applicants that a review by a jury is not the intent of the statute. First, the term "review" itself suggests something less than a full-blown trial. Black's Law Dictionary, Revised, 4th Edition, defines "review":

"To re-examine judicially. A reconsideration; second view or examination * * *".

In Sullivan v. Municipal Court of Roxbury Dist., 322 Mass. 566, 78 N.E.2d 618, 620, the Massachusetts court said:

"'Review' indicates 'a reexamination of a proceeding, already concluded, for the purpose of preventing a result which appears not to be based upon the exercise of an unbiased and reasonable judgment.'"

Second, it is significant that the legislature did not expressly provide for a new trial in the Montana Police Law. This could easily have been done, as it was in the statutes relating

to appeals from justice courts and certain workmen's compensation cases.  Sections 95-2009 and 92-834, R.C.M. 1947.

Respondent argues the words "to review * * * all questions of fact and all questions of law" are simply another way of saying "trial de novo".  However, to review the law is to ascertain whether the rulings thereon were correct; to review the facts is to determine whether the evidence supports the police commission findings.  This would be similar to the review of law and fact as in an equity case. / See Section 93-216, R.C.M. 1947.  That is all plaintiff Miskovich is entitled to.

Authorities for other states relative to the review provided city employees, and specifically police officers, after a suspension, discharge, or other disciplinary proceeding are in accord.  No case providing a jury trial for such a review has been called to our attention by counsel, nor has any been found by us.

Here it should be noted that Montana Rules of Civil Procedure, which implement the right to jury trial, expressly except such statutes by Rule 81(a):

> " * * * special statutory proceeding [s] * * *
> are excepted from these rules insofar as they
> are inconsistent or in conflict with the pro-
> cedure and practice provided by these rules."

The inconsistency here is readily apparent, for to try by jury what is essentially an internal personnel dispute would be at cross-purposes with the Montana Police Law.

In sum, the district court sits as an appellate court. It is not authorized to determine penalties, sanctions, or disciplinary action that may be taken against a police officer.  If a jury trial were to ensue, by way of a trial de novo, a provision for penalties doubtless would be found in the statute.  No provision therefor is contained in the Montana Police Law.

- 4 -

It does not follow that since the police commission is not by statute required to keep a record of its proceedings, the plaintiff is entitled to a jury trial, as contended by respondent.

Good practice by the police commission would have a stenographic record made, as the commission did in this case. Failure to do so, however, does not require a jury trial since other means exist to prepare such record, for instance, a by-standers bill. In any event, as we have stated, an appellate procedure is contemplated.

Let a writ of supervisory control issue.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

- 5 -