No. 88-405

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

PATRICK GENTRY, THOMAS DAMON,
and ROBERT GLEICH,

        Petitioners and Appellants,

-vs-

CITY OF HELENA and THE POLICE
COMMISSION OF THE CITY OF HELENA,

        Respondents and Respondents.

APPEAL FROM:  District Court of the First Judicial District,
               In and for the County of Lewis & Clark,
               The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Charles A. Graveley argued, Helena, Montana
        Gregory A. Jackson argued; Jackson & Rice, Helena,
        Montana

    For Respondent:

        David Hull argued, City Attorney, Helena, Montana

Submitted:   March 9, 1989

Decided:   May 11, 1989

Filed:

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Appellants Patrick Gentry, Thomas Damon and Robert Gleich, police officers for the city of Helena, appeal from a decision of the District Court, First Judicial District, Lewis and Clark County, which upheld on judicial review the decision of the Helena Police Commission and the modification of its findings by the Helena City Manager which resulted in appellants' termination.

Charges of misconduct against each of the three officers before the Police Commission of the city of Helena were reduced to writing and timely served upon the officers in accordance with § 7-32-4156, MCA. A subsequent trial was held before the Commission pursuant to § 7-32-4162, MCA. After trial, the majority of the Commission determined that Officer Gleich should be suspended from the Helena Police Department for 30 days without pay; that Sergeant Damon should be demoted to the rank of patrolman; and that Patrolman Gentry should be suspended without pay for a period of 90 days and that a letter of reprimand be permanently placed in his personnel file. One member of the Commission dissented, agreeing that Officer Gleich was the least culpable of the three officers involved and agreeing with his punishment as determined by the Commission, but disagreeing as to Officer Gentry and Sergeant Damon. It was the minority member's opinion that the latter two officers should be terminated.

Under the statutes providing for procedures before the Police Commission, the decision of the Police Commission is subject to modification or veto by the mayor. Section 7-32-4160(2), MCA. The term "mayor" includes the city

- 2 -

manager. Section 7-32-4153, MCA. When a charge against a member of the police force is found proven by the Police Commission and is not vetoed by the mayor, the mayor (or city manager) must make an order enforcing the decision of the Board or the decision as modified by the mayor (city manager). Section 7-32-4161, MCA. In this case, the city manager of Helena modified the Helena Police Commission decision by permanently terminating the employment of Officers Damon, Gleich and Gentry from the Helena Police Department, effective immediately.

Decisions of the Helena Police Commission, as modified by the mayor or city manager, are subject to review in the District Court. Section 7-32-4164, MCA. In this case, the officers petitioned for review before the District Court, First Judicial District, Lewis and Clark County. The District Court affirmed the decision, opinion and order of the Helena Police Commission and the modification thereof by the city manager of June 1, 1988. The decision of the District Court on review is now appealed by the officers to this Court. On consideration, we affirm.

We find the principal issue, raised directly by the attorney for Gleich, and indirectly by the attorney for the others, is whether substantial evidence supports the decision of the Police Commission as modified by the City Manager. To avoid an unnecessary recitation of facts, we will set out only those facts found by the Police Commission as requiring discipline. The Police Commission found that Officer Gentry was properly charged by two citizens' complaints and for dishonesty; that Sergeant Damon was properly charged under a citizens' complaint and for dishonesty; and, that Officer Gleich was properly charged with dishonesty. The Commission reported on dishonesty and the citizens' complaints as follows:

## DISHONESTY

It is undisputed that Gentry and Damon were at the Hofbrau from 12:00 p.m. on July 31 until at least 4:30 p.m. Capt. Morley testified that when Gentry and Damon left the Hofbrau, they were "under the influence." Given Capt. Morley's years of admirable experience with the Helena Police Department, the Commission yields to his determination as to Gentry and Damon's condition. Following the Hofbrau, the two officers went to the Red Meadow, where they stayed for several hours, and then O'Toole's, Glen's Western Bar, back to the Red Meadow, down to Jester's, and back to the Red Meadow again.

Mrs. Keating, whose testimony the Commission finds credible, testified that both Gentry and Damon were intoxicated during their conversation with her the evening of July 31. During his telephone conversations with the police dispatcher, Gentry stated that he was drunk and also later stated that Damon was drunk.

Officer Zaharko, both in his statement and in his testimony before the Commission, indicated that Damon was "intoxicated" to the point where he was passing out and waking up in the front seat of Gentry's vehicle. The Commission finds it very difficult to believe that these officers, after being at the party and later to a number of bars for a total of eight or nine hours, were sober. But, in fact, that is exactly what the officers have asked the Commission to believe. All credible evidence is to the contrary and the Commission finds the officers' testimony in this regard not worthy of belief.

Not only did the officers misrepresent the condition of Gentry and Damon to their superiors during the investigation, they continued this misrepresentation under oath before the Commission. For the charges of dishonesty, therefore, the Commission finds the charges proven.

## CITIZEN'S COMPLAINTS

Turning then to the citizen's complaint lodged by Kathy Keating concerning the July 31, 1987,

incident, the Commission finds that the credibility of the officers' version is again highly suspect. Mrs. Keating was returning from a church music festival at the lake when she encountered Damon and Gentry. She testified that she was not personally acquainted with either officer, and had to identify them from a department photograph during the investigation. She further testified that the officers' intoxicated condition caused her concern.

Phil Keating, Kathy's husband, testified that she relayed the same version of the events to him immediately after the incident. He further testified that he had no grudge against the Helena Police Department.

The officers, on the other hand, have a great deal to lose in this proceedings. They could be subject to discipline up to and including termination. While the officers' attempted "cover up" of their activities that evening, from their point of view, may be understandable, it is certainly not excusable.

The Commission therefore finds that the testimony of Mrs. Keating is credible, and believes that Officer Gentry represented that he and Sgt. Damon were "undercover" during their conversation on the evening of July 31. The Commission further finds that such a statement, made by an intoxicated police officer, even though off-duty, certainly constitutes conduct such as to bring reproach upon the Helena Police Department.

In regard to the second citizen's complaint concerning Patrolman Gentry confronting Mrs. Keating on August 9, 1987, and telling her that "we" could lose our jobs over her complaint--the Commission again finds that Mrs. Keating's version is the more credible version. This conduct on the part of Officer Gentry was again conduct such as to bring reproach upon the Helena Police Department.

The findings of the Commission concerning the charges against Officer Gleich are as follows:

The Commission finds that Officer Gleich, although guilty of covering up his fellow officers' misdeeds, is the least culpable of the three

> officers involved. Officer Gleich was not involved in the citizen's complaint, and at worst he merely went along with his fellow officers' version of the night's events.
>
> In doing so, however, Officer Gleich has not only misrepresented the facts to his superior officers, he has misrepresented them to the Commission while under oath. The Commission finds that such conduct cannot be condoned and therefore has determined that Officer Gleich be suspended from the Helena Police Department for 30 days without pay.

The written report of the Helena Police Commission recited a number of other facts which supported its findings of fact foregoing. We do not set those out in this Opinion in full because it is unnecessary for our review and it would be painful to detail the day's progress of these three officers following their attendance at a luncheon in honor of a retiring police officer.

The District Court noted that the standard of review of a decision of the Police Commission in the District Court is whether the findings of the Commission are supported by substantial evidence. Miskovich v. City of Helena (1976), 170 Mont. 138, 143, 551 P.2d 995-998; In the Matter of Raynes (1985), 215 Mont. 484, 493, 698 P.2d 856, 862. The findings of the Commission are final and conclusive if supported by substantial evidence. Bailey v. City of Helena (1910), 42 Mont. 216, 218, 112 P.2d 69, 70; Raynes, 698 P.2d at 862, 42 St.Rep. at 576. The District Court, sitting as an appellate court, is not authorized to determine penalties, sanctions or disciplinary measures that may be taken against a police officer. City of Helena v. District Court (1975), 166 Mont. 74, 77, 530 P.2d 464, 465-466. When the decision on review by a district court of proceedings before a Police Commission is conducted under § 7-32-4164, MCA, and the District Court decision is appealed to us, we adopt the standard of review

set forth in the Montana Administrative Procedure Act, §
2-4-704(2)(e), MCA, to the effect that the administrative
findings, inferences and conclusions and decisions will not
be reversed or modified unless they are "clearly erroneous in
view of the reliable, probative and substantial evidence on
the whole record."

We determine that substantial evidence on the whole
record does support the findings and conclusions of the
Helena Police Commission, and the decision as modified by the
City Manager.

Aside from the substantial evidence issue, the officers
raise other issues which they contend require a reversal.
They are:

(1) The Police Commission's findings of dishonesty
cannot be supported as a matter of fact or law;

(2) The testimony that Mrs. Keating had taken a
polygraph examination was improperly admitted;

(3) The Police Commission unduly prolonged the hearing
by requiring the officers to begin their case in chief at
9:30 after the case had already been in progress for 11½
hours;

(4) The City Manager should not have testified before
the Police Commission because of his veto authority over the
actions of the Police Commission; and,

(5) That the citizens' complaints should not have been
considered because no citizen had signed any complaint
against any officer.

The officers also complained, without listing the
subjects as issues, that Officer Gentry had not been advised
prior to the formal filing of charges of any administrative
or disciplinary proceedings against him; that the officers
should not have been suspended in excess of 10 days; that the
"modification of findings" made by the City Manager was not

an "order" required by the statute; and that the punishment, that is the termination of employment of the officers, was disproportionate to the misconduct charged.

## DISHONESTY FINDINGS

This issue involves whether the Police Commission was correct in determining that all these officers lied during the investigation and under oath to the Police Commission when they denied that officers Damon and Gentry denied being drunk but admitted to drinking from 12:30 in the afternoon until late the same evening at several bars in Helena. Gleich testified that both officers were sober when he transported them in a city police car from the Red Meadow bar in Helena to the parking lot of the Hofbrau, another bar, where the officers had left their car.

Several witnesses who met or observed Damon and Gentry during the course of the afternoon and evening testified that they were intoxicated or that they exhibited strong evidence of drinking by their actions. An audiotaped telephone record of Gentry's call for a ride in a police car are revealingly stark about his condition. The amount of liquor they admit drinking over the period of time militates against their sobriety. Very substantially, the record supports the Police Commission that these officers were in fact intoxicated, and that they were dishonest in denying it, especially under oath.

The appellants, especially Gleich, maintain that when they testified that Damon and Gentry were sober, and not impaired by their drinking, they were merely expressing a matter of their judgment or opinion, not fact, and thus cannot be guilty of dishonesty. The officers cannot escape the tenor of their testimony this easily. Their statements were intended to state facts, and for the Commission to

accept their statements as facts. The evidence supports the Commission's findings of dishonesty.

The Police Commission did find that Officer Gleich was "less culpable." He undoubtedly was torn between loyalty to his brother officers and his duty to state the facts openly. He apparently chose the wrong course, and the Commission and the City Manager set the consequences.

EVIDENCE OF A POLYGRAPH EXAMINATION

Before the Police Commission, witness Kathy Keating answered the following questions:

Q. Now, Kathy, subsequent to all this, were you asked to take a lie detector test?

A. Yes.

Q. And did you take a test?

A. Yes I did.

Under § 37-62-302, MCA, "results" of a polygraph examination may not be introduced into or admitted as evidence in a court of law. Here the "results" were not admitted into evidence, but the fact that Mrs. Keating took a polygraph examination was admitted. There was no objection, however, and the chairman of the Commission later admonished the other members that evidence of taking the polygraph examination was not to be considered by them in determining the credibility of Mrs. Keating. The District Court, in examining this issue, found no prejudice to the officers from the admission of this testimony so as to be reversible. We agree.

LENGTH OF HEARING

The hearing before the Commission began early in the morning, October 8, 1987, and, approximately 11½ hours thereafter, at 9:15 p.m., the City finished presenting its case. The chairman of the Commission told counsel that he

wanted to finish the case and that they were to proceed with their presentation. At 12:30 p.m., October 9, 1987, the chairman informed counsel for the appellants that the matter could be continued until Tuesday of the following week. However, the appellants decided to go forward and the hearing was completed after about 20½ hours. The session was inordinately long, and undoubtedly a wearying one for the Commission, and all the counsel for all parties. However, as the District Court noted, again one cannot put a finger upon any prejudice as to the officers as a result of the long hearing. There is no reversible error in the manner which the hearing was conducted.

## TESTIMONY OF THE CITY MANAGER

The appellants argue that because the City Manager has veto and modification powers over the Commission's decision, there is an inherent conflict of interest in allowing his testimony. The District Court examined the record and found no specific incidence of a biased or prejudicial statement in the record, and his review of the City Manager's testimony did not reveal any such prejudicial statement. On appeal the petitioners have failed to demonstrate any prejudicial effect of this witness's testimony and there is no rule otherwise which prevents the testimony of the City Manager before the Police Commission even though subsequently he will make a decision which may modify or reverse the findings of the Police Commission.

## NO SIGNATURE ON COMPLAINT

The complaint lodged by Mrs. Keating was not signed by her. Appellants rely on § 7-32-4156, MCA, which states that any charge brought against a member of the police force must be in writing. There is however no statutory requirement that the complainant sign the charge and so no error occurred in the lack of her signature on the formal complaint filed.

## SUSPENSION FOR MORE THAN TEN DAYS

Section 7-32-4163, MCA, provides that the mayor or the chief of police subject to the approval of the mayor has the power to suspend the policeman for a period not exceeding ten days in any one month with or without pay. The statute further provides that any officer suspended with or without pay is entitled to appeal that suspension to the Police Commission. In this case the officers were suspended with pay from September 4 to November 30, 1987. They did not appeal the suspension to the Police Commission as allowed by § 7-32-4163, MCA. The record shows no prejudice to the officers by their suspension pending the disposition of the charges against them.

## MODIFICATION OF FINDINGS

The objection of appellants here to the modification made by the City Manager is that it is not an "order" required by § 7-32-4161, MCA. The tenor of the instrument as modified by the City Manager is certainly an order because it was the subject of review before the Helena Police Commission and before this Court on appeal. We do not find the issue to be substantive.

## LACK OF NOTICE

Under this issue, the appellant Gentry contends that he had not been advised prior to the formal filing of charges of any administrative or disciplinary proceedings against him. He had received two notices but neither one referred to an "incident" which occurred on August 9, 1987. However, our examination of the procedures leading up to the hearing before the Police Commission shows that the charges against the officers were in writing and copies served upon them 15 days before the time fixed for hearing of such charge. The provisions of § 7-32-4156, MCA, were complied with and on

that basis the Police Commission was empowered to proceed in the matter.

## PROPORTIONALITY OF DISCIPLINE

We find no merit in this issue which would require a reversal of the District Court's review or of the findings and conclusions of the Helena Police Commission, as modified by the City Manager. The extent of the penalty to be levied against a police officer or officers for proven charges of misconduct, absent a constitutional violation, are generally matters for determination by the Police Commission and subject to the modification of the mayor or city manager. They are thus empowered by statute. If the city of Helena determines, as it did in this case, that officers who are dishonest under oath are not trustworthy enough to serve as police officers for the city of Helena, that kind of decision relating to the personnel of the city is beyond our reach and jurisdiction. City of Helena v. District Court, supra, 166 Mont. at 77. Section 7-32-4155, MCA, gives the Police Commission the power to decide all charges of misconduct brought against any police officer who has been guilty of misconduct in his office, or of conduct unbecoming a police officer, or whose conduct has been such as to bring reproach upon the police force. If the charges are proven, the Commission, and thereafter the mayor or city manager are empowered to discipline, suspend, remove or discharge any officer who has been found guilty of the charge filed against him. Section 7-32-4160, MCA. In this case, it appears that the Commission, and the City Manager, acted within the powers given to them by statute. We find no reversible error in their decisions. Affirmed.

John C. Sheehy
Justice

- 12 -

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

Mr. Justice John C. Harrison, dissenting.

I would concur with this Court's opinion finding no reversible error in the termination of the two officers, Patrick Gentry and Thomas Damon, but would hold contrary to this Court's opinion regarding Robert Gleich who I feel should be reinstated. His contact with the other two off-duty officers was when he brought the patrol car to the Red Meadow bar's parking lot at approximately 9:30 p.m. on the evening in question and drove them home. In arriving at my decision it is important to note that the Police Commission recommended that Gleich be suspended from the Department for 30 days without pay. I would follow the recommendation of the Commission as to Officer Gleich and not that of the City Manager who set all the findings of the Police Commission aside and made his own decision.

While I agree that the City Manager has set a high standard of honesty for police officers, which standard will undoubtedly be well-drilled into the Department, I feel that that Gleich was somewhat of an innocent bystander in this matter and I believe he was salvageable and should have been eventually kept on the force.

John Conway Harrison
Justice

14