No. 91-176

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN THE MATTER OF THE TERMINATION
OF WILLIAM WONG,

WILLIAM WONG,

        Petitioner and Respondent,

   -vs-

CITY OF BILLINGS AND
BILLINGS POLICE COMMISSION,

     Respondents and Appellants.


APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone,
               The Honorable G. Todd Baugh, Judge presiding.


COUNSEL OF RECORD:

      For Appellants:

          Bonnie J. Sutherland, Assistant City Attorney,
          Billings, Montana

      For Respondent:

          David W. Stiteler, Montana Public Employees
          Association, Helena, Montana


**FILED**

Filed: FEB 21 1992

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: August 15, **1991**

Decided: February 21, 1992

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

The City of Billings appeals from an order of the District Court of the Thirteenth Judicial District, Yellowstone County, reversing the decision of the Billings Police Commission and remanding for another hearing. We reverse.

The dispositive issue before this Court is whether the District Court erred in reversing the decision of the Police Commission (Commission) and remanding for another hearing, based on the Commission's failure to grant a continuance. One other issue, whether the discharged police officer received sufficient notice of the charges against him, is addressed herein.

Pamela and William Wong separated in **1983;** their marriage was dissolved in **1987.** During **1987,** William Wong (Wong), a police officer for eighteen years with the Billings Police Department, began visiting his ex-wife Pamela at her residence, usually in uniform, and threatening her with various harmful actions. From **1987** through **1989,** Wong continued his on-duty and off-duty surveillance and harassment of Pamela Wong.

Pamela feared her ex-husband during his visits to her home because he threatened her with physical violence, with verbally abusive and denigrating language, and with the authority he possessed as a police officer. On one occasion Wong told her he knew that her car registration and insurance were running out and that he would make certain she was pulled over to have them checked. On another occasion, Wong threatened to kill her. During

many of these intimidating episodes, Wong wore his police revolver.

Wong also began a series of visits and calls, usually while in uniform, to Pamela's babysitters during this time. These visits frightened the babysitters and several of them quit because of the intimidation. Most encounters with the babysitters occurred at Pamela's residence. Neighbors corroborated that on some of these occasions, Wong pulled his police cruiser into Pamela's driveway, flashed the cruiser's lights, honked the horn and waited for his children to leave the house and come out to the car. He would then speak to the babysitter.

Pamela attempted to stop the unannounced visits to her home by obtaining a restraining order against Wong. This failed to stop him. When the one-year restraining order lapsed and the visits continued, Pamela called Chief Ellis E. Kiser, Wong's supervisor, to complain. On November 2, **1988,** Chief Kiser issued Wong a written order to cease visiting his ex-wife's home while on duty. Wong violated Chief Kiser's order on numerous occasions between the time it was issued and his termination on May 11, 1990.

Wong harassed Pamela's friends, Wally and Sandy Persoma and their children, by making rude gestures to them on numerous occasions while they were in public. The Persomas telephoned Chief Kiser to complain of Wong's continued harassment: their calls prompted Chief Kiser to issue a written reprimand and warning to Wong.

In December of **1988** and March of **1989,** Wong filed charges against Pamela alleging neglect of their children. Caseworkers for

the Department of Family Services investigated the charges.  No neglect was found.

In August of **1989,** Wong initiated a police report against Pamela regarding her "harassment" of him while she worked in her official capacity as a detention officer.  Pamela's supervisor determined that these allegations were without merit, but Wong persisted in pressuring Pamela's superiors to take action, threatening to go to the sheriff and possibly the police commission if Pamela did not receive at least a reprimand.

Pamela filed a citizen's complaint with the police department against her former husband in August of **1989.**  A copy of this complaint was sent to Wong on August 14, **1989.**  The complaint alleged an ongoing pattern of harassment against herself, her babysitters, certain friends and others.  Most of the actions complained of occurred while Wong was on duty and in uniform.

Pamela's complaint prompted an internal investigation by the Billings Police Department during which it was discovered that Wong also had been using police department property for his own purposes.  Because the allegations lodged against Wong were of a serious nature, Wong was advised in November of **1989** that a Commission hearing would be held.

Wong contacted Montana Public Employees Association counsel Dave Stiteler (Stiteler) in November, **1989,** with regard to the upcoming Commission hearing.  Stiteler told Wong that he would provide representation if scheduling permitted.

A formal complaint alleging thirty-nine charges was served on

Wong March 27, 1990, twenty-two days before the Commission hearing was scheduled to begin on April 18. Wong contacted Stiteler immediately upon receiving the complaint, but he did not provide Stiteler with a copy of the complaint for approximately a week thereafter. Stiteler mailed a request for postponement on Wong's behalf to the Commission on April 5, 1990. The Commission denied the request on April 10, 1990, one day after receiving it.

Stiteler then referred Wong to private counsel in Billings. Wong consulted with counsel on or about April 12, 1990, and was informed that counsel would represent him upon payment of a retainer. Wong declined. Two days prior to the start of the hearing, Wong contacted the same Billings attorney and requested representation at the hearing. Counsel declined to undertake the representation at that point on the basis that, at that late date, there was insufficient time for him to prepare Wong's case.

The hearing was held April 18, 1990 through May 2, 1990. Bonnie Sutherland represented the City of Billings; Wong presented his own defense. The Commission assisted Wong with hearing procedures. Wong subpoenaed witnesses, admitted exhibits, and cross-examined witnesses.

The Commission ultimately concluded that Wong was guilty of thirty-five of the thirty-nine charges, thirty-one of which represented conduct which bore no relationship to legitimate activities of a police officer and required disciplinary action. Wong was permanently discharged from his position as police officer on May 11, 1990. The Commission concluded that "Police Officer

William Wong repeatedly violated the Law Enforcement Code of Ethics by permitting his personal feelings and animosities to influence his personal and professional decisions toward Pam Wong and other citizens" and that the proven incidents constituted "Conduct Unbecoming a Police Officer, Misconduct in Office, and Conduct bringing Reproach Upon the Police Department." City Administrator Alan Tandy issued an order affirming Wong's discharge on May 15, 1990.

The District Court reviewed the entire record and the briefs of the parties and concluded that the evidence before the Commission was sufficient to support Wong's discharge. The court then concluded that the notice Wong received was statutorily sufficient, but that the Commissions's denial of Wong's request for a continuance was arbitrary, capricious and an abuse of discretion which denied Wong procedural due process. As a result, the District Court reversed the decision of the Commission and the order of the City of Billings discharging Wong, and remanded the matter to the Commission for a new hearing. The City of Billings appeals.

The police commission has the responsibility to hear and decide all charges against police officers. Section 7-32-4155, MCA. Charges must be in writing and served upon the police officer at least fifteen days before the time fixed for the hearing. Section 7-32-4156, MCA. Following the police commission hearing, the mayor or city manager may either approve, modify or veto the decision of the police commission. Sections 7-32-4153, 7-32-4160,

6

**7-32-4161,** MCA. The district court has jurisdiction to review all questions of fact and law decided by a police commission. Section **7-32-4164,** MCA.

The City of Billings contends that the District Court erred in holding that the formal complaint should have been served on Wong prior to March **27, 1989.** We note that, while the court expressed its concern over the lack of service at an earlier date, it concluded that the service was statutorily sufficient. We agree that the service was timely under § **7-32-4156,** MCA, which requires service of the charges at least fifteen days prior to the time fixed for hearing. Wong was served twenty-two days in advance of the hearing. The statutory notice and service requirement having been met, the Commission was empowered to proceed. Gentry v. City of Helena **(1989), 237** Mont. **353, 773** P.2d **309.**

The dispositive issue is whether the District Court erred in reversing the decision of the Police Commission and remanding for another hearing, based upon the Commission's failure to grant a continuance.

The City of Billings contends that the Police Commission's denial of Wong's request for a continuance was within its discretion and, therefore, that the District Court erred in concluding that the Commission's denial was "arbitrary, capricious and an abuse of discretion which resulted in denying petitioner procedural due process. . . ." Wong sought the continuance on the grounds that his preferred legal representative was not available for the hearing dates, that he did not have sufficient preparation

time, and that the formal charges against him included several new charges in addition to those contained in Pamela's initial complaint of August, 1989. In denying the continuance, the Commission determined that good cause for the postponement was not shown in that Wong was given more than the statutorily required notice, he waited more than a week after receiving the complaint to mail his request, and he had sufficient time to prepare his case.

An administrative agency possesses broad discretion in deciding whether to grant or deny a motion for continuance. Bickham v. Selcke (Ill.App. 1 Dist. 1991), 576 N.E.2d 975. Thus, our standard of review for the Police Commission's denial of the continuance at issue is whether the Commission's decision to deny the continuance was "arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. . . ." Section 2-4-704(2)(a)(vi), MCA. In addition, because the District Court also based its conclusion regarding the Commission's denial upon procedural due process grounds, we will review the Commission's decision under § 2-4-704(2)(a)(i), MCA, to determine whether it violated this constitutional guarantee.

The City of Billings argues that the Police Commission's denial of the continuance was not an abuse of discretion. Wong argues that the City of Billings overlooks the hardship that the denial of the continuance caused him. Seeking a continuance due to lack of representation does not ensure the grant of a continuance. Grunewald v. Missouri Pacific Railroad Co. (8th Cir. 1964), 331 F.2d 983; M.D. Rutledge v. Electric Hose and Rubber Co. (9th Cir.

a

1975), 511 F.2d 668. In making its decision on a requested continuance due to lack of counsel, a court or agency must assess whether the party petitioning for continuance has acted diligently in seeking counsel. 17 Am.Jur.2d § 23. If the party has not acted diligently in procuring representation, a tribunal does not abuse its discretion in denying the continuance.

Here, Wong knew that his preferred representative would represent him only if scheduling permitted. He was served with the formal complaint on March 27 but did not forward a copy to Stiteler for a week thereafter. His request for postponement was not mailed until April 5 nor received by the Commission until April 9; by that time, more than half of Wong's preparation time had elapsed. The Commission's April 10 denial of Wong's request was received by Stiteler on April 12, 1990.

On receipt of the denial of the postponement, Wong sought the representation of a private attorney. The private attorney told Wong that he would represent him if Wong paid an advance retainer. While Wong claims he did not have the money for the retainer and, therefore, could not retain counsel, the record reflects that two days before the hearing, Wong sought the representation of the same private attorney who then refused to represent Wong as insufficient time remained to prepare Wong's defense. For these reasons, the City of Billings contends that Wong's own conduct brought about his lack of legal representation and asserted lack of preparation time.

In Weston v. Denny (Ariz. 1971), 480 P.2d 24, the Arizona Court of Appeals found that the plaintiff's lack of counsel was due

9

to the plaintiff's own actions and, therefore, the trial court did not abuse its discretion in denying the continuance.  Wong argues that Weston is not applicable as he did nothing which obstructed procuring representation.  The record, however, does not support Wong's position.  Wong was aware as early as November of 1989 that the charges filed against him would be heard by the Police Commission and that he would need the assistance of counsel.  He was aware that Stiteler's possible representation was conditioned on scheduling considerations.  When Wong received the formal complaint, he delayed in forwarding it to Stiteler.  The request for postponement was not mailed until nearly half of Wong's preparation time had elapsed.  Finally, counsel clearly was available to Wong even after the denial of his request for a continuance.  We conclude that Wong's own actions, or lack thereof, prevented him from obtaining counsel.  Therefore, the Commission did not act arbitrarily or capriciously in denying the request for continuance.

The City of Billings further contends that the charges which were formally served upon Wong on March 27, 1990, were essentially the same as those contained in Pamela Wong's August 1989 citizen's complaint.  Wong claims that the formal charges included several which were not contained in the initial complaint and that the new charges hampered his ability to prepare for the hearing in the time provided.  The record reflects that following an internal investigation subsequent to Pamela's original complaint, several charges were added to those brought against Wong by his ex-wife;

for the most part, these additional charges related to unauthorized use of police department property in his campaign of harassment against Pamela. We conclude that the formal charges filed against Wong in March of **1990** were essentially the same as those contained in Pamela's initial citizen's complaint, that they were minimal when compared to the totality of the charges and, therefore, that they did not adversely impact on the sufficiency of the preparation time available to Wong. The commission did not act arbitrarily or abuse its discretion in denying the requested postponement in light of the new charges.

Finally, the City of Billings and Wong agree that when an employee has a property interest in his or her employment, certain due process protections are mandated. The United States Supreme Court has decided that an employee with a property interest in his employment must be given notice and an opportunity to respond. Cleveland Board of Education v. Loudermill **(1985), 470 U.S. 532, 542, 105** S.Ct. **1487, 1496, 84** L.Ed.2d **494, 504.** The Montana statutory safeguards for police officers direct that all charges must be in writing and served upon the police officer at least fifteen days before the required hearing; in addition, officers have a right to be present at the hearing in person and by counsel and to be heard and furnish evidence in their defense. Sections **7-32-4155,** et seq., MCA.

The City of Billings argues that the Commission met both the Loudermill standard and the Montana statutory safeguards for police officers in providing due process to Wong. We agree. Wong was

11

provided the notice required by both Loudermill and the Montana statutes. A hearing was held at which he appeared and presented witnesses in his own defense. That Wong appeared without counsel was due to his own actions. Therefore, we hold that the District Court erred in its evaluation of the Police Commission's denial of Wong's continuance; the Commission's denial was not arbitrary, capricious or an abuse of discretion and it did not violate Wong's due process rights.

We reverse the District Court's order and direct that the final decision of the Commission and the order of the City of Billings enforcing that decision be reinstated.

Reversed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

12

Justice Fred J. Weber dissents as follows:

After a review of the entire record, the District Court concluded that the Commission's denial of Mr. Wong's request to continue the hearing was arbitrary, capricious and an abuse of discretion. I agree with that conclusion.

The record discloses that Pam Wong and the City of Billing5 Police Department signed the complaint filed against Mr. Wong on November 27, 1989. While the complaint was filed with the Billings Police Commission on February 10, 1990, Mr. Wong was not served with a copy of the complaint until March 27, 1990, some six weeks after its filing and just three weeks prior to the hearing.

On April 4, 1990, Mr. Stiteler, as attorney for Mr. Wong, requested a continuance, stating that Mr. Stiteler had prior commitments which conflicted with the scheduled hearing dates, and due to the nature of the charges in the complaint, Mr. Wong needed additional time to prepare an adequate defense. The Commission denied Mr. Wong's request for continuance claiming that Mr. Wong failed to show good cause for the postponement; however, the Commission does not challenge Mr. Stiteler's unavailability on the hearing dates. The Commission's order stated:

> Police Officer Wong was served with a copy of the Notice of Hearing and a copy of the Complaint filed against him on March 27, 1990. On April 2, 1990, the City Attorney's office provided Officer Wong with copies of statements and information pertinent to the charges pending against him. Officer Wong's Attorney David Stiteler, did not mail his Request for Postponement until April 5, 1990, more than one week after service of the complaint.
>
> Officer William Wong has been given more than the statutorily required 15 days notice of hearing. He has sufficient time to prepare his case...

13

In this case, the Commission's denial of a continuance effectively prohibited Mr. Stiteler from representing Mr. Wong.

Here, the complaint charging Mr. Wong contained **39** counts. The hearing on the complaint was held on April 18, 19, **20, 24,** and **25, 1990,** and lasted over twenty-three hours. Thirty-four witnesses appeared on behalf of the parties. Yet, despite the complexity of this hearing, Mr. Wong represented himself pro se without the assistance of an attorney.

In considering the complexity of the charges, the number of witnesses, the unavailability of counsel chosen by Mr. Wong, and the City's six week delay in serving Mr. Wong with the complaint after its filing; the Commission's refusal to continue the hearing adversely effected Mr. Wong's ability to prepare an adequate defense. The fact that the Commission complied with the statutory fifteen day notice does not eliminate the potential prejudice. I therefore agree with the District Court's conclusion that the decision of the Commission was arbitrary, capricious and an abuse of discretion. I would affirm the District Court.

_____
Justice

**14**

February 21, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Bonnie J. Sutherland
Asst. City Attorney
P.O. Box 1178
Billings, MT 59103

David W. Stiteler
Montana Public Employees Assoc
1426 Cedar
Helena, MT 59601

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy