No. 96-333

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

P R SYSTEMS, WILLIAM ALLEN PARRY,
Trustee,

      Defendant and Appellant,

    v.

TRUSTEES OF THE TEAMSTERS SECURITY FUND
FOR SOUTHERN NEVADA; UNITED STATES OF AMERICA,
acting through the INTERNAL REVENUE SERVICE,

      Defendants and Respondents.

FILED

DEC 10 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Sixteenth Judicial District,
                In and for the County of Powder River,
                The Honorable Kenneth R. Wilson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          William A. Parry, Trustee; P R Systems
          Irrevocable Trust; Las Vegas, Nevada

      For Respondent:

          George W. Huss; Brown and Huss;
          Miles City, Montana
          (for Respondent Teamsters Security Fund)

          William W. Mercer; Assistant U.S. Attorney;
          Billings, Montana
          (for Respondent United States of America)

                    Submitted on Briefs:  October 17, 1996

                               Decided:  December 10, 1996

Filed:

_____
          Clerk

Justice Charles E. Erdmann delivered the opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

P R Systems, William Allen Parry, Trustee, appeals from the order by the Sixteenth Judicial District Court, Powder River County, granting the proceeds from the sheriff's sale to the Teamsters Security Fund and the United States. We affirm.

The issues on appeal are as follows:

1. Did the District Court lack jurisdiction to consider and rule on the question of which party is entitled to the proceeds from the sheriff's sale of the real property foreclosed on by AgAmerica?

2. Did the District Court abuse its discretion and act in a biased and prejudicial manner against P R Systems during the course of the litigation?

3. Did the District Court abuse its discretion when it refused to grant P R Systems' motion for continuance?

## FACTS

Leonard and Dorothy Saye owed $140,415.82 to the Internal Revenue Service for unpaid federal income taxes for the tax years 1978-1980 and 1983. On May 22, 1985, the Sayes granted a mortgage

2

to AgAmerica on real property in Powder River County to secure a promissory note in the amount of $110,000. The Sayes did not respond to the IRS's demand for payment on the back taxes owed, and therefore the United States filed a tax lien against the Sayes' real property in 1992.

In August 1994, AgAmerica Corporation filed a complaint to foreclose the real estate mortgage securing the promissory note between AgAmerica and the Sayes. The Sayes, who were in default on the loan payments, were named as defendants along with five other parties, including P R Systems, the Trustees of the Teamsters Security Fund for Southern Nevada (Teamsters), and the United States.

In January 1995, the District Court issued a judgment, decree of foreclosure, and order of sale. Although the ownership of the mortgaged real property was not contested in the foreclosure, and P R Systems had not filed a pleading in response to the complaint, the District Court determined that P R Systems was the owner of the real property. The real property mortgaged by the Sayes was then sold at a sheriff's sale for $220,000 to BIL Ranch. After payments of amounts due and owing AgAmerica and the costs of the foreclosure sale, a surplus of $89,939.15 was deposited with the Clerk of the District Court. The court then instituted proceedings to determine the rights of junior lienholders to the surplusage.

The United States, P R Systems, and Teamsters all filed pleadings asserting a priority in the proceeds. On February 17,

3

1996, William Parry, the trustee of P R Systems, sent Judge Wilson a common law praecipe captioned "People v. Kenneth Wilson" and a comptroller warrant for $492,800 issued by Leroy Schweitzer and Daniel Peterson. The writ of praecipe issued by Parry as a "Justice pro tempore, Constitution of Nevada," directed Judge Wilson to pay $220,000 to BIL Ranch and to "provide a full, complete, free and clear redemption to P R Systems," and "[i]mmediately after making the above stated payments send the remainder of said funds to P R Systems." Parry also stated that funds were sent to the IRS in an amount to satisfy all alleged assessments, penalties, and interest against the Sayes.

The District Court issued an order on February 20, 1996, for Parry and P R Systems to appear and show cause why they should not be held in contempt for serving a common law praecipe and comptroller's warrant to intimidate the court. Copies of this order were transmitted by facsimile to Thomas E. Towe, counsel for P R Systems, and to counsel for the United States. On February 21, 1996, in a letter forwarded to Parry, Towe noted that "you will have to seek additional counsel to defend yourself in connection with the Show Cause Order."

The hearing set for March 1, 1996, was cancelled due to inclement weather, and on the same day the court issued an order rescheduling the hearing for March 11, 1996. On March 7, 1996, Parry sent a motion for continuance to Judge Wilson. This motion was received on March 11, the date of the hearing. Neither Parry

4

nor another representative of P R Systems attended the hearing. At the hearing, the court denied P R Systems' motion for continuance, granted the United States' motion to withdraw disclaimer of interest, and sua sponte ordered all pleadings and supporting argument advanced by P R Systems throughout the litigation stricken, and allowed Towe to withdraw as counsel of record of P R Systems. On March 28, 1996, the court issued an order directing the Clerk of the District Court to distribute the surplus proceeds to the United States and the Teamsters, based upon their stipulation. The Clerk of the District Court issued two checks, one to the Teamsters in the amount of $6,299.83, and one to the United States for the balance of the foreclosure proceeds in the amount of $86,951.29. P R Systems appeals the District Court's order of March 7, 1996.

ISSUE ONE

Did the District Court lack jurisdiction to consider and rule on the question of which party is entitled to the proceeds from the sheriff's sale of the real property foreclosed on by AgAmerica?

P R Systems argues that the case should be dismissed because the District Court did not have jurisdiction. P R Systems asserts that to have jurisdiction, "THEY MUST PROVIDE PROOF THEIR AUTHORITY EXCEEDS THAT OF THE CONSTITUTION OF THE UNITED STATES. Anything less, their case must be dismissed."

Contrary to P R Systems' assertion, the District Court did have both personal and subject matter jurisdiction. P R Systems

5

styled itself as a trust and is clearly a "person" within the definition of Rule 4A, M.R.Civ.P., which provides: "As used in this rule, the word 'person' . . . includes . . . a business trust; . . . a trust; . . . or any other legal or commercial entity." Rule 4B, M.R.Civ.P., sets forth those persons who are subject to jurisdiction of Montana courts:

> [A]ny person is subject to the jurisdiction of the courts of this state as to any claim for relief arising from the doing personally, through an employee, or through an agent, of any of the following acts:
>
> . . . .
>
> (c) the ownership, use or possession of any property, or of any interest therein, situated within this state;
>
> . . . .
>
> (2) Acquisition of jurisdiction. Jurisdiction may be acquired by our courts over any person through service of process as herein provided; or by the voluntary appearance in an action by any person either personally, or through an attorney, or through any other authorized officer, agent or employee.

The District Court had personal jurisdiction over P R Systems on two bases. First, the action was for judicial foreclosure of a mortgage upon real property situated in Powder River County, Montana, in which P R Systems claimed an ownership interest. Second, personal jurisdiction was acquired by the District Court through the voluntary appearance by P R Systems through its counsel.

Section 3-5-302, MCA, provides original subject matter jurisdiction of the district courts for "all cases at law and in equity." The foreclosure of a mortgage is an equitable action over which the district court has subject matter jurisdiction. We

6

therefore determine that the District Court had both personal and subject matter jurisdiction.

ISSUE TWO

Did the District Court abuse its discretion and act in a biased and prejudicial manner against P R Systems during the course of the litigation?

P R Systems cites several passages from the record alleging that these passages indicate the District Court acted in an inappropriate and biased manner. P R Systems alleges that the District Court appeared to have a "nonchalant preconceived mind set," a "bias, prejudice and combative mind set," and that his "feud with the 'Freeman' has warped his ability to function in an impartial, non-biased, non-prejudice and without malice in the capacity as a judge."

A review of the record, including the transcripts, does not reveal that the District Court acted with prejudice, bias, or malice. The portions of the record cited by P R Systems, when reviewed in context, do not demonstrate the District Court abused its discretion. The few instances where the court interrupted counsel were not prejudicial to P R Systems, as their counsel was allowed to complete his statement of his legal position. P R Systems also alleged that the District Court allowed an excessive delay in the proceedings; however, P R Systems made no objection to the timing of the schedule of proceedings. This Court will not address an issue raised for the first time on appeal.

7

Rasmussen v. Lee (Mont. 1996), 916 P.2d 98, 100, 53 St. Rep. 263, 265; Fandrich v. Capital Ford Lincoln Mercury (1995), 272 Mont. 425, 431, 901 P.2d 112, 115-16. Thus, in a thorough review of the record, this Court does not detect any evidence of malice, bias, prejudice or an abuse of discretion by the District Court.

ISSUE THREE

Did the District Court abuse its discretion when it refused to grant P R Systems' motion for continuance?

The standard of review of discretionary trial court rulings, such as a motion for continuance, is abuse of discretion. In re Inquiry into M.M. (1995), 274 Mont. 166, 172, 906 P.2d 675, 678. We have previously held that simply seeking a continuance due to lack of representation does not ensure the grant of the continuance. Matter of Wong (1992), 252 Mont. 111, 827 P.2d 90. In Wong, we stated:

> In making its decision on a requested continuance due to lack of counsel, a court or agency must assess whether the party petitioning for continuance has acted diligently in seeking counsel. If the party has not acted diligently in procuring representation, a tribunal does not abuse its discretion in denying the continuance.

Wong, 827 P.2d at 94 (citations omitted).

On February 20, 1996, the District Court directed P R Systems and Parry to appear before the court on March 1, 1996, to show cause why they should not be held in contempt following their tender of the "comptrollers warrant" to the court. The next day, P R Systems' counsel, Towe, moved to withdraw due to the actions of P R Systems before the court. Towe also wrote to Parry on

8

February 21, 1996, informing him that he would have to seek additional counsel in connection with the show cause order. On February 29, 1996, one day prior to the scheduled show cause hearing, P R Systems faxed to the court a request for a continuance based upon the grounds that Parry was "on a jury trial." The court, on its own motion, vacated the hearing on March 1 due to inclement weather and reset the hearing for March 11, 1996.

On March 7, 1996, P R Systems mailed a motion for continuance from Las Vegas, Nevada, to the District Court. The court received the motion on March 11, 1996, the date of the show cause hearing. As a basis for the motion, Parry argued that (1) the "contempt charges appear to be criminal by definition" thereby entitling P R Systems to counsel; (2) P R Systems' attorney "will have nothing further to do with this case"; (3) it "may take some time" to find new counsel and additional time for the new counsel to become familiar with the case; and (4) no counsel will be present to represent P R Systems at the March 11 hearing.

In Marks v. First Judicial District Court (1989), 239 Mont. 428, 781 P.2d 249, we addressed a similar situation. In that case, the district court had issued an order for Marks to appear in court ten days later and show cause why he should not be held in contempt. Four days prior to the hearing, Marks' attorney advised the court that he would be unable to attend the hearing. Counsel was advised of the denial of his motion the day before the hearing. As in the present case, Marks asserted that the contempt charge was

criminal in nature and that he was entitled to counsel. This Court noted that a contempt proceeding may be quasi-criminal in nature but that the right to counsel in this context "has generally been held to mean that one charged with contempt of court is entitled to a 'reasonable opportunity to employ counsel in contempt proceedings.'" Marks, 781 P.2d at 252. We determined that the more than one week Marks had to secure counsel was a reasonable period of time to seek and employ counsel.

On February 21, 1996, counsel for P R Systems informed P R Systems and Parry that it would need to have new counsel to represent it at the show cause hearing. This provided P R Systems with a reasonable amount of time to seek counsel for the show cause hearing held on March 11, 1996. Moreover, P R Systems did not indicate in its motion that it had made any diligent effort to locate new counsel. By not appearing to argue its motion for continuance, P R Systems proceeded at its own jeopardy, as the filing of its motion did not ensure that it would be granted. Wong, 827 P.2d 90. We therefore conclude that the District Court did not abuse its discretion when it refused to grant P R Systems' motion for continuance.

Affirmed.

_____
Justice

10

We concur:

_____
Chief Justice

_____

_____

_____
Justices

11

December 10, 1996

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

William A. Parry, Trustee
P R Systems Irrevocable Trust
P.O. Box 94314
Las Vegas, NV  89193

George W. Huss
Brown and Huss
507 Pleasant St., PO Box 128
Miles City, MT  59301-0128

William W. Mercer
Assistant U.S. Attorney
P.O. Box 1478
Billings, MT  59103

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy