JUSTICE GRAY
delivered the Opinion of the Court.
The appellant, Scott T. Medicine Horse (Medicine Horse), appeals from a judgment entered by the District Court of the First Judicial District, Lewis and Clark County, affirming a decision by State Superintendent of Public Instruction Nancy Keenan. We affirm.
*67 The issue before this Court is whether the District Court erred in affirming the State Superintendent of Public Instruction’s decision that Medicine Horse was an “at will” employee who received the process due him upon his discharge from employment.
Medicine Horse was employed as a custodian by Big Horn County School District No. 27 from 1984 to 1988. He worked without a written contract or agreement under Gary Greseth (Greseth), Principal of Non-instructional Affairs of Lodge Grass Public Schools. In August of 1988, Greseth began establishing a written record of Medicine Horse’s work-related problems. Greseth determined that Medicine Horse needed additional supervision and instituted weekly meetings between himself and Medicine Horse in order to more closely monitor Medicine Horse’s progress.
The appellant’s job performance continued to deteriorate and on November 23, 1988, Greseth suspended Medicine Horse without pay for three days because of several incidents with a co-worker. Medicine Horse did not appeal this action.
Greseth’s duties included the scheduling of janitors’ work shifts. On either December 16 or 19, 1988, Greseth posted a Christmas vacation work schedule. This schedule included a shift change for Medicine Horse and others. The shift change was to begin on December 21, 1988.
Medicine Horse was on sick leave December 16 and 19. On December 20, Greseth found a note from Medicine Horse on his door stating that Medicine Horse would work his usual 8:00 a.m. until 4:00 p.m. shift instead of the later shift to which Greseth had assigned him. Greseth showed this note to Superintendent Bert Corcoran. Both men determined that the note amounted to insubordination. Greseth claims he spoke to Medicine Horse on December 20 and informed him at that time that he would recommend immediate termination of Medicine Horse at the school district trustees’ meeting that night. Medicine Horse claims that he was at two doctor appointments in Billings all day December 20,1988, did not speak to Greseth on that day, and had no idea that Greseth intended to recommend his termination. Medicine Horse contends that he arrived for work at his new shift time, 2:00 p.m., on December 21, 1988, to find that he had been terminated by the trustees at their December 20,1988, meeting.
Medicine Horse requested, and was granted, a hearing by the trustees which took place on January 17, 1989. The trustees took no action following this hearing and his discharge remained in effect. Subsequently, Medicine Horse appealed to the Big Horn County *68 Superintendent of Schools as provided in § 20-3-210, MCA. The County Superintendent affirmed the discharge on the basis that Medicine Horse was an “at will” employee. Following the directives of § 20-3-107, MCA, Medicine Horse next appealed to the State Superintendent of Public Instruction; she upheld his discharge and status as an “at will” employee. Medicine Horse then sought judicial review under the Montana Administrative Procedure Act. The District Court affirmed the State Superintendent of Public Instruction.
This appeal centers on Medicine Horse’s contention that he was denied due process of law because he did not have written notice of the reasons for his termination or of the termination itself, and was not provided a pretermination hearing. The appellant contends that he was a permanent employee and, thus, had a property interest in his employment. The respondents claim Medicine Horse was an “at will” employee, had notification of the trustees’ consideration of his termination before the meeting at which he was terminated, and received the post-termination hearing he requested even though that hearing was entirely discretionary with the trustees.
We note at the outset that the issues for review at both the District Court and this Court are conclusions of law; all parties agree that the appropriate standard of review is contained in § 2-4-704, MCA. We have clarified in recent cases that under § 2-4-704, MCA, our standard of review relating to conclusions of law, whether the conclusions are made by an agency, workers’ compensation court, or trial court, is whether the tribunal’s interpretation of the law is correct. Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603; see also GBN, Inc., v. Montana Department of Revenue (Mont. 1991), [249 Mont. 261,] 815 P.2d 595, 596-97, 48 St.Rep. 715, 716.
AT WILL
Respondent Big Horn County School District (School District) argues that Medicine Horse is an “at will” employee and is governed by the Montana “at will” statute:
“Termination at will. An employment having no specified term may be terminated at the will of either party on notice to the other *69 any specified term. His employment was not governed by a contract which specified the duration of his employ, nor do the laws and regulations governing his position as an employee of the School District specify any such term.
*68 Section 39-2-503, MCA. We have concluded that an “at will” employee is one whose term of employment has no specific duration. Hobbs v. Pacific Hide and Fur Depot (1989), 236 Mont. 503, 771 P.2d 125. Medicine Horse has provided no evidence that his employment had
*69 Quoting from a 1984 article in the Montana Arbitrators Association Quarterly, the appellant contends that the doctrine of “at will” employment is no longer viable in Montana. While that may have appeared to the author to be the case in 1984, we disagree that such is the state of the law in Montana. In Prout v. Sears, Roebuck and Co. (1989), 236 Mont. 152, 772 P.2d 288, we applied the “at will” statute to persons who have no specific term to their employment. And while Prout was decided on the basis of pre-Wrongful Discharge From Employment Act law, neither that Act nor any other action by the Montana legislature or this Court has nullified the “at will” designation or § 39-2-503, MCA.
We hold that Medicine Horse is an “at will” employee who had no specific duration or term for his employment with the School District.
NOTICE
The appellant argues that even if he is an “at will” employee he was still entitled to notice. This Court has interpreted the “at will” statute to mean that notice prior to termination is not required. Prout v. Sears, Roebuck and Co. (1989), 236 Mont. 152, 772 P.2d 288; Gates v. Life of Montana Insurance Co. (1982), 196 Mont. 178, 638 P.2d 1063. We hold that Medicine Horse was not entitled to prior notice of his termination under the Montana “at will” statute.
The appellant next argues that he was entitled to notice of the reasons for his discharge because the School District’s policy “did not give the Superintendent authority to suspend or terminate without giving the employee the reasons for such action ....” The policy does not require the Superintendent to provide reasons for termination:
“SUSPENSION AND DISMISSAL OF NON-CERTIFIED STAFF
“Non-certified Staff members are employed by the Superintendent subject to review by the Board of Trustees. They may be suspended at any time by the Superintendent. Non-certified employees may be terminated at any time by the Superintendent however employees may request the Board of Trustees to review the circumstances of their termination. Non-certified employees so terminated shall have two working days to notify the Superintendent in writing of their wishes to a hearing by the Board. The Board may *70 grant a hearing at their discretion.”
This policy authorizes termination of non-certified employees at any time; it does not address and, thus, can hardly be said to require the giving of reasons for termination. We note that Medicine Horse’s situation is not comparable to that of non-tenured teachers who have a statutory right, upon request, to a list of reasons for termination pursuant to § 20-4-206, MCA.
The appellant cites Joint Anti-Fascist Refugee Committee v. McGrath (1951), 341 U.S. 123, 71 S.Ct. 624, 95 L.Ed. 817, for the proposition that due process requires notice and an opportunity for a hearing. The United States Supreme Court has held that due process is the opportunity to be heard “at a meaningful time and in a meaningful manner” when the due process clause of the Fourteenth Amendment to the Constitution is activated. Mathews v. Eldridge (1976), 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18, 32. However, due process protections required by the Fourteenth Amendment are necessary only when an employee has a property interest in his position. Akhtar v. Van De Wetering (1982), 197 Mont. 205, 642 P.2d 149.
PROPERTY INTEREST
Medicine Horse argues that he had a property interest in his job as custodian and, therefore, that he was entitled to the due process of a pretermination hearing.
Procedural due process, which the appellant claims entitled him to a pretermination hearing, is required only when the rights of liberty and property protected by the Fourteenth Amendment have been infringed. Akhtar, 197 Mont. at 210, 642 P.2d at 152. In Cleveland Board of Education v. Loudermill (1985), 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494, the United States Supreme Court held that a public employee is entitled to procedural due process if he or she has a property right in continued employment. Once a property interest is determined to exist, procedural due process mandates a hearing before termination. Loudermill, 470 U.S. at 542, 105 S.Ct. at 1493, 84 L.Ed. 2d at 503-504.
A property interest in one’s position must be created by existing rules or regulations, state laws, or understandings between employee and employer. Board of Regents v. Roth (1972), 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed. 2d 548. This Court has adopted the Roth reasoning and prerequisites to a property interest. Akhtar, 197 Mont. at 211, 212, 642 P.2d at 153. Medicine Horse presented no written *71 contract, state law, or regulation specifically stating or otherwise indicating that he had a property interest in his position as custodian. The written policy quoted earlier states that a non-certified employee, like Medicine Horse, can be terminated any time and that a hearing may be provided to the employee at the discretion of the trustees; that policy does not support the appellant’s claim of a property interest in his position. Nor do any rules or school regulations mandate that a hearing granted by the trustees must occur before a discharge; indeed, the referenced policy makes it clear that any such hearing would occur after the termination.
Medicine Horse’s subjective belief that he had a property interest in his job does not create such a property interest. A subjective expectancy creates no constitutionally protected interest. Perry v. Sindermann (1972), 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570. A “mutually explicit understanding” between the parties can lead to a property interest. Perry, 408 U.S. at 601, 92 S.Ct. at 2699, 33 L.Ed. 2d at 580. Here, however, the written School District policy regarding discharge of non-certified employees and the progressive discipline in which Medicine Horse was involved do not support the existence of such a mutually explicit understanding.
Medicine Horse also argues that he had a property interest in his position because his probationary period was over and he worked for the School District in excess of four years; thus, he asserts that he had a reasonable expectation that his job would continue. Medicine Horse would have this Court equate the “permanency” of employment that comes with passing a probationary period with a property interest in one’s employment. Both this Court and the United States Supreme Court have rejected this argument.
We considered whether length of employment gives rise to a property interest in Reiter v. Yellowstone County (1981), 192 Mont. 194, 627 P.2d 845. There, a custodian with eighteen years of employment with the school district was not provided with a hearing upon discharge. We held that he had no property interest in his position by virtue of his years of service, absent a contractually specified term of employment. The Reiter holding relied on a United States Supreme Court case involving a police officer who had passed his probationary period and was considered permanent. The Supreme Court held in that case that the police officer had no property interest in his position and that his position was continued at the will of the city. Bishop v. Wood (1976), 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed. 2d 684.
*72 The appellant relies heavily on Tolson v. Sheridan School Dist. (E.D. Ark. 1988), 703 F.Supp. 766. In Tolson, a bus driver sued the school district claiming his due process rights had been violated at the time of his discharge. Tolson had experienced discipline problems with the students on his bus and reported this to the district. On the day he made his report, Tolson returned to his home after doing errands and found his school bus, previously parked in front of his house, gone. Subsequently, he discovered that the district had sent someone to retrieve it and that he had been fired. The court held that Tolson’s due process rights were violated when he was not given adequate notice and an opportunity to be heard.
The appellant’s reliance on Tolson is misplaced. Tolson had a contract with the district for a specific term. In addition, the parties in the Tolson case stipulated that Tolson had a property interest in his employment contract within the meaning of the Due Process Clause of the Fourteenth Amendment. Given this stipulation, the issue of whether Tolson did or did not have a property interest in his position was not before the court.
In light of our holdings that Medicine Horse was an “at will” employee who had no property interest in his position, we find no error by the District Court.
Affirmed.
CHIEF JUSTICE TURNAGE and JUSTICES HARRISON, McDONOUGH, and WEBER concur.