No. 98-270

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 110

294 Mont. 346

981 P.2d 271

RENAE M. WHIDDEN,

Plaintiff and Respondent,

v.

JOHN S. NERISON, INC.,

Defendant and Appellant.

No

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Marge Johnson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Patrick Flaherty, Attorney at Law, Great Falls, Montana

For Respondent:

Jeff R. Lynch, Attorney at Law, Great Falls, Montana

Submitted on Briefs: January 21, 1999

Decided: May 25, 1999

Filed:

_____

No

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

**¶1. Appellant John S. Nerison, Inc. (Nerison) appeals from the judgment of the Eighth Judicial District Court, Cascade County.**

**¶2. We affirm.**

**¶3. We address the following issue:**

**¶4. Whether the Wrongful Discharge From Employment Act has superseded and impliedly repealed the At-Will Act.**

### Standard of Review

**¶5. In reviewing a district court's conclusions of law, we determine whether the district court's interpretation of law is correct. Steer, Inc. v. Dept. of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603.**

### Factual and Procedural Background

**¶6. In March, 1988 Nerison hired Renae Whidden (Whidden) as a secretary in Great Falls, Montana. In 1991 Whidden quit Nerison to work for another employer, but she returned to Nerison that same year. In June, 1994 Whidden filed a workers' compensation claim for wrist pain. In 1994 Whidden also filed a claim against Nerison for vacation pay. In September, 1994 Nerison gave Whidden a notice of termination, advising her that she was being terminated as an at-will employee under § 39-2-503, MCA. Whidden filed a complaint in March, 1995 and an amended complaint in January, 1996, claiming that she had been discharged wrongfully and without good cause in retaliation for filing a wage claim and that she was terminated in retaliation for filing a workers' compensation claim.**

**¶7. A jury trial was held in May, 1998. The jury found that Whidden was not terminated in retaliation for filing a workers' compensation claim or a wage claim. However, the jury determined that Nerison terminated Whidden without good cause and awarded Whidden $9,000 in damages. Nerison appeals from the verdict and judgment of the District Court.**

Discussion

**¶8. Whether the Wrongful Discharge From Employment Act has superseded and impliedly repealed the At-Will Act.**

**¶9. Nerison argues that the District Court erred in giving jury instructions that effectively repealed Montana's at-will employment act. The District Court gave jury instruction 12, which provided that "[a]n employment having no specified term is an at-will employment and the employer may terminate the employment of an at-will employee without giving notice prior to termination." However, jury instruction 13 provided:**

Employment which is not for a fixed term usually can be terminated at the will of the employer. However, under Montana law, an employer does not have the right to terminate an employee if such termination was not for good cause and the employee had completed the employer's probationary period of employment. If an employer terminates an employee under these circumstances, the termination is considered wrongful, and the terminated employee is entitled to recover damages against the employer.

Nerison argues that this instruction was erroneous in light of this Court's affirmation of the at-will employment statute, § 39-2-503, MCA, in Medicine Horse v. Big Horn Cty. Sch. D. (1991), 251 Mont. 65, 823 P.2d 230. Nerison argues further that the Wrongful Discharge From Employment Act (WDFEA) has not repealed the at-will act but rather makes an exception for at-will employment under § 39-2-902, MCA. Section 39-2-902, MCA, provides in pertinent part that "[e]xcept as limited in this part, employment having no specified term may be terminated at the will of either the employer or the employee on notice to the other for any reason considered sufficient by the terminating party." Nerison appears to argue that the District Court erred in refusing to give the jury additional instructions about the at-will act. Nerison argues that Whidden was an at-will employee and that her discharge was appropriate under the at-will act.

**¶10. Nerison also argues that although the WDFEA applies to employee discharges, Whidden has no claim under the WDFEA because none of its specific provisions apply to her. Nerison argues in essence that as a nonprobationary employee Whidden was not protected by § 39-2-904(2), MCA, and that Whidden could therefore be dismissed without good cause. Nerison argues further that the District Court erred in making an implied finding that Whidden had completed a probationary period of employment. Finally, Nerison concedes that the at-will act and the WDFEA conflict but urges that the legislature should reconcile those statutes.**

**¶11. Whidden responds that in MacMillan v. State Compensation Ins. (1997), 285 Mont. 202, 947 P.2d 75, this Court recognized that the WDFEA applies to employment relationships that were formerly governed by the at-will act. Under the WDFEA, Montana employees have statutory protection from wrongful discharges. Thus, to lawfully terminate Whidden, Nerison needed good cause. Whidden contends that "for cause" and "at will" employment relationships are logically inconsistent; that an employee cannot be fired for any reason but also be subject to discharge only for good cause.**

**¶12. We begin by noting the pertinent provisions of the at-will act and the WDFEA. Section 39-2-503, MCA, the at-will act, provides:**

**Termination at will. An employment having no specified term may be terminated at the will of either party on notice to the other, except where otherwise provided by this chapter.**

Section 39-2-902, MCA, of the WDFEA provides:

**Purpose. This part sets forth certain rights and remedies with respect to wrongful discharge. Except as limited in this part, employment having no specified term may be terminated at the will of either the employer or the employee on notice to the other for any reason considered sufficient by the terminating party. Except as provided in 39-2-912, this part provides the exclusive remedy for a wrongful discharge from employment.**

Section 39-2-904, MCA, sets forth the elements of wrongful discharge:

**Elements of wrongful discharge. A discharge is wrongful only if:**

(1) it was in retaliation for the employee's refusal to violate public policy or for reporting a violation of public policy;

(2) *the discharge was not for good cause and the employee had completed the employer's probationary period of employment*; or

(3) the employer violated the express provisions of its own written personnel policy.

Section 39-2-904, MCA (italics added). Section 39-2-903, MCA defines good cause:

"Good cause" means reasonable job-related grounds for dismissal based on a failure to satisfactorily perform job duties, disruption of the employer's operation, or other legitimate business reason.

Section 39-2-903(5), MCA. The WDFEA does not apply to a discharge that is subject to state or federal statutes that provide procedures or remedies for contesting the dispute; to the discharge of an employee subject to a written contract for a specified term; or to the discharge of an employee covered by a written collective bargaining agreement. *See* § 39-2-912, MCA.

**¶13. Nerison contends that the only provision of the WDFEA that bears on the present case is § 39-2-904(2), MCA. We agree. The jury found that Whidden was not terminated in retaliation for reporting a violation of public policy, as might implicate § 39-2-904(1), MCA. Further, Whidden testified that Nerison did not have a written personnel policy, as might implicate § 39-2-904(3), MCA. Nerison contends and Whidden does not dispute that Whidden was never subject to a period of probation. We therefore address whether the WDFEA has impliedly repealed the at-will act by requiring that an employer have good cause before terminating a nonprobationary employee.**

**¶14. Although implied repeals of legislation are not favored, this Court has recognized them. In State v. Ayers, the Court commented that "[i]t is elementary that repeals by implication are not favored." State v. Ayers (1941), 112 Mont. 120, 127, 113 P.2d 785, 789. However, in State v. Weir (1938), 106 Mont. 526, 79 P.2d 305, the Court recognized implied repeals of legislation, concluding**

if the last Act is in conflict with a prior law on the same subject, the last one controls and works an implied repeal, and this even though the legislature does not see fit to either expressly repeal it, or even to expressly state that the last Act repeals all Acts or parts of Acts in conflict with the latter.

*Weir*, 106 Mont. at 534, 79 P.2d at 309. *Whether an act has been repealed by implication is a question of legislative intent. See State v. Brandjord (1938), 106 Mont. 395, 398, 81 P.2d 677, 679 (concluding that "[i]n construing statutes asserted to be in conflict, it is the duty of the court to ascertain the true intent of the legislature").*

¶15. Nerison correctly notes that this Court recognized the at-will act in *Medicine Horse*. In *Medicine Horse*, the Court determined whether appellant Medicine Horse, a custodian for the Big Horn School District, was an at-will employee. Medicine Horse did not have a written contract or agreement. He was fired for insubordination and appealed his termination. The Court in *Medicine Horse* held that Medicine Horse was an at-will employee "who had no specific duration or term for his employment with the School District." *Medicine Horse*, 251 Mont. at 69, 823 P.2d at 232. The Court concluded that "neither [the WDFEA] nor any other action by the Montana legislature or this Court has nullified the 'at will' designation or Sec. 39-2-503, MCA." *Medicine Horse*, 251 Mont. at 69, 823 P.2d at 232.

¶16. In other decisions, however, this Court has strongly signaled that under the WDFEA, nonprobationary employees may not be terminated without good cause. In Meech v. Hillhaven West, Inc. (1989), 238 Mont. 21, 776 P.2d 488, this Court affirmed the constitutionality of the WDFEA despite its abrogation of some common-law causes of action[1]. The *Meech* Court concluded that the WDFEA "provides a reasonably just substitute for the common-law causes it abrogates." *Meech*, 238 Mont. at 50, 776 P.2d at 506.

¶17. The Court in *Meech* concluded that the WDFEA benefits employees in several important respects. The Court determined that the WDFEA limits "the operation of § 39-2-503, MCA, Montana's 'at-will' statute." *Meech*, 238 Mont. at 25, 776 P.2d at 490. The *Meech* Court also observed that the WDFEA might benefit employees by eliminating some common-law defenses that were formerly available. *Meech*, 238 Mont. at 50-51, 776 P.2d at 506. The *Meech* Court concluded:

Under the [WDFEA], the no-cause defense for discharging an employee who has worked

beyond the probationary period is unavailable to most employers. Instead, employ[ees] may be subject to discharge only for good cause. . . . Similarly, the good-cause provision may provide greater protection for an employee whose employer has carefully avoided giving objective manifestations of continued employment.

*Meech*, 238 Mont. at 51, 776 P.2d at 506 (citation omitted).

**¶18. In Buck v. Billings Montana Chevrolet, Inc. (1991), 248 Mont. 276, 811 P.2d 537, the Court again signaled that nonprobationary employees may not be terminated without good cause. Appellant Buck was a general manager of a car dealership; he was terminated following the sale of the company for which he worked. Like Whidden in the present case, Buck was not a probationary employee. *Buck*, 248 Mont. at 280, 811 P.2d at 540. The *Buck* Court concluded that for Buck "to establish a claim for wrongful discharge under § 39-2-904(2), MCA, he must prove that his termination was not for good cause." *Buck*, 248 Mont. at 280, 811 P.2d at 540. As previously noted, moreover, the Court in *MacMillan* concluded that "[w]ith the exception of express exemptions, the [WDFEA] applies by its terms to all wrongful discharges from employment in Montana, including discharges from so-called 'at will' employment which otherwise could be terminated for any reason." *MacMillan*, 285 Mont. at 204-05, 947 P.2d at 76.**

**¶19. In determining the protection that the WDFEA accords nonprobationary employees, we note that § 1-2-101, MCA, provides that "the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 39-2-904(2), MCA, provides that a discharge is wrongful only if "the discharge was not for good cause and the employee had completed the employer's probationary period of employment." The plain, reasonable meaning of this language is that outside of a probationary period of employment, an employer may not discharge an employee without good cause. We hold that under § 39-2-904(2), MCA, a nonprobationary employee may not be discharged without good cause.**

**¶20. Sections 39-2-503 and 39-2-904(2), MCA, clearly conflict. Under § 39-2-503, MCA, a nonprobationary at-will employee may be discharged without good cause. However, under § 39-2-904(2), MCA, an employer must have good cause before discharging a nonprobationary employee.**

¶21. **Accordingly, we hold further that the WDFEA has superseded and impliedly repealed the at-will act. The legislature has characterized the operation of the WDFEA upon the at-will act as a limitation of the at-will act.** *See* **§ 39-2-902, MCA (providing "***[e]xcept as limited in this part****, employment having no specified term may be terminated at the will of either the employer or the employee"); § 39-2-503, MCA (providing "[a]n employment having no specified term may be terminated at the will of either party on notice to the other,** *except where otherwise provided by this chapter***") (emphases added). Despite this characterization, we conclude that the WDFEA has effectively eliminated the at-will act. The plain meaning of § 39-2-904 (2), MCA, again, is that outside of the probationary period of employment, an employer may not discharge an employee without good cause. We overrule** *Medicine Horse* **to the extent that it is inconsistent with this holding. However, we recognize that under § 39-2-904(2), MCA, the good cause requirement applies to an employee upon completion of a probationary period. The employer must define the probationary period at the outset of an employment relationship, and the employer has the burden of showing that a probationary period was in effect at the time of a discharge.**

¶22. **Nerison appears to further argue that the District Court erred in refusing to give proposed jury instruction 21, relying on Tacke v. Vermeer Mfg. Co. (1986), 220 Mont. 1, 713 P.2d 527 and Great Falls v. Temple Baptist Church (1993), 260 Mont. 319, 859 P.2d**

**1015. This claim is without merit. Proposed jury instruction 21 provided that "[e]xcept as limited, employment having no specified term may be terminated at the will of either the employer or the employee on notice of the other for any reason considered sufficient by the terminating party." The standard of review for a district court's refusal to give jury instructions is whether the district court abused its discretion.** *See* **Harwood v. Glacier Elec. Co-op, Inc. (1997), 285 Mont. 481, 488, 949 P.2d 651, 655 (citation omitted). In light of our holding that the WDFEA has impliedly repealed the at-will act, we conclude that the District Court did not abuse its discretion in refusing to give proposed jury instruction 21. We note that Nerison appears to contend that the District Court also erred in creating a verdict form without provision for an at-will employment defense. This claim is also unpersuasive. Under the facts in the present case, the District Court did not err in creating a verdict form without provision for an at-will employment defense.**

**¶23. Nerison's claim that the District Court erred in making an implied finding that Whidden completed a probationary period of employment is mistaken. Whidden was a nonprobationary employee. The District Court did not make the implied finding that Whidden had completed a period of probation.**

**¶24. Finally, Whidden has moved for the imposition of sanctions on Nerison pursuant to Rule 32, M.R.App.P.; Nerison has moved for the imposition of sanctions on Whidden. Both parties' motions for sanctions are denied.**

**¶25. Affirmed.**


/S/ W. WILLIAM LEAPHART

We concur:


/S/ KARLA M. GRAY

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER

/S/ JAMES C. NELSON


1. [1] Section 39-2-913, MCA, provides that "[e]xcept as provided in this part, no claim for discharge may arise from tort or express or implied contract." The *Meech* Court determined that under the WDFEA, "plaintiffs have no claim to damages for 'pain and suffering, emotional distress, compensatory damages, or punitive damages, or any form of damages, except as provided for in Subsections (1) and (2) [of § 39-2-905, MCA].' " *Meech*, 238 Mont. at 25, 776 P.2d at 490.