No. 00-320

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 336

303 Mont. 140

15 P. 3d 418

CLARENCE HOBBS,

Plaintiff and Appellant,

v.

CITY OF THOMPSON FALLS,

Defendant and Respondent.

APPEAL FROM: District Court of the Twentieth Judicial District,

In and for the County of Sanders,

The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

James A. Manley, Manley & O'Rourke-Mullins, Polson, Montana

For Respondent:

Mark S. Williams and Susan Moriarity Miltko, Williams & Ranney, P.C.,

Missoula, Montana

Submitted on Briefs: September 21, 2000

Decided: December 19, 2000

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

¶1 The Plaintiff, Clarence Hobbs, filed a complaint in District Court for the Twentieth Judicial District in Sanders County in which he alleged that he had been wrongfully discharged by the City of Thompson Falls. The Defendant, City of Thompson Falls (City), denied that Hobbs was wrongfully discharged and affirmatively alleged that his claim was barred by the provisions of § 7-32-4113(2), MCA. The City moved for and was granted summary judgment on the basis of its affirmative defense. Hobbs appeals from the District Court's order and judgment. We reverse the order and judgment of the District Court.

¶2 The only issue properly before this Court is whether the District Court erred when it held that at the time of his termination Hobbs was a probationary employee who could be terminated without cause?

FACTUAL BACKGROUND

¶3 Clarence Hobbs alleged for his cause of action against the City of Thompson Falls that he was hired by the city on November 29, 1996 as a police officer. He alleged that the City's own written policies provided for a six-month probationary period and that pursuant to § 7-32-4113, MCA, his probationary period could not exceed one year.

¶4 According to Hobbs he successfully completed his probationary period by November 29, 1997, at which time he was still employed by the City. However, he alleged that he was terminated without cause in violation of § 39-2-904(2), MCA, at a specially arranged city council meeting on December 15, 1997.

¶5 The City admitted that Thompson was employed by the Thompson Falls Police Department on November 29, 1996, and admitted that he was denied a permanent position without any explanation of good cause for that denial. However, the City denied that Hobbs successfully completed his probationary period, and denied that he was wrongfully

terminated.

¶6 The City set forth several affirmative defenses. The only defense relevant to the issue raised on appeal was that Hobbs' claim was barred by § 7-32-4113(2), MCA, which makes employment on a municipal police force following a probationary period dependent on appointment by the city council within 30 days after completion of an officer's probationary period.

¶7 The City moved for summary judgment based on its contention that because Hobbs was still a probationary employee on December 15, 1997, he could be terminated without cause and was not protected by § 39-2-904(2), MCA (the good cause provision of the Wrongful Discharge from Employment Act.) The District Court agreed.

¶8 The District Court granted the City's motion for summary judgment with the following explanation:

> Mr. Hobbs was a probationary employee at the time the Thompson Falls City Council voted to not confirm him as a permanent member of the police force. Under Montana law, a police officer is not a permanent member of a police force until he has served his probationary *and* is confirmed by the city council. MCA § 7-32-4113. A potential member of a police force is only granted a vested right in continued employment once both the requirements of this statute have been met. *Schend v. Thorson*, 170 Mont. 5, 11, 549 P.2d 809, 812 (1976). Since Mr. Hobbs was a probationary employee at the time of his non-confirmation, he cannot maintain a claim under MCA § 39-2-904(2).

¶9 Pursuant to the District Court's order, judgment was entered for the City of Thompson Falls.

## ISSUE

¶10 The only issue properly before this Court is whether the District Court erred when it held that at the time of his termination Hobbs was a probationary employee who could be terminated without cause?

## STANDARD OF REVIEW

¶11 This is an appeal from the district court's order granting summary judgment. Summary

judgment is proper when no genuine issues of material fact exist and the moving party is entitled to summary judgment as a matter of law. Rule 56(c), M.R.Civ.P. Furthermore, the District Court's order was based on its interpretation of Montana's statutory law. We review a Court's interpretation of the law as well as orders granting summary judgment to determine whether they are correctly decided. *State v. Sullivan* (1994), 266 Mont. 313, 318, 880 P.2d 829, 832.

## DISCUSSION

¶12 On appeal, Hobbs contends that § 39-2-904(2), MCA, prohibits discharging an employee without good cause after an employee has completed his probationary period of employment. He further contends that pursuant to the plain language of § 7-32-4113(1), MCA, he had completed his probationary period of employment no later than November 29, 1997, and that, therefore, his discharge without good cause on December 15, was in violation of the Wrongful Discharge from Employment Act.

¶13 The City contends that because subparagraph (2) of § 7-32-4113 provides for confirmation by the city council within 30 days following the completion of an employee's probationary period, the probationary period is in effect, extended until confirmation occurs and for that reason, Hobbs was not protected by the "good cause" requirements of the act at the time of his termination.

¶14 Section 39-2-904, MCA, which is part of Montana's Wrongful Discharge from Employment Act provides in relevant part as follows:

A discharge is wrongful only if:

. . . .

(2) the discharge was not for good cause and the employee had completed the employer's probationary period of employment . . . .

Section 7-32-4113, MCA, which is part of the laws of Montana pertaining to the organization and management of police departments in cities and towns, provides as follows:

(1) Every applicant who has passed the examination and received the certificate

referred to in 7-32-4108 must first serve for a probationary term of not more than one year. At any time before the end of such probationary term, the mayor . . . may revoke such appointment.

(2) At the end of such probationary period and within 30 days thereafter, the appointment of such applicant must be submitted to the city council or commission, and if such appointment is confirmed by the city council or commission, such applicant becomes a member of the police force and shall hold such position during good behavior unless suspended or discharged as provided by law.

In other words, the Wrongful Discharge Act provides that after completion of an employee's probationary period of employment he cannot be discharged without good cause. The statute which establishes a probationary period of employment for city police officers provides: (1) that the period may not exceed a term of one year; (2) during the period of probation the mayor may revoke the officer's appointment; and (3) following completion of the probationary period and within 30 days the appointment must be submitted to the city council for confirmation following which the applicant becomes a member of the police force during good behavior.

¶15 In *Whidden v. Nerison, Inc.*, 1999 MT 110, ¶ 19, 294 Mont. 346, 352, ¶ 19, 981 P.2d 271, ¶ 19, we recently had the following to say about the "good cause" provision in § 39-2-904(2), MCA:

The plain, reasonable meaning of this language is that outside of a probationary period of employment, an employer may not discharge an employee without good cause. We hold that under § 39-2-904(2), MCA a non-probationary employee may not be discharged without good cause.

¶16 Two well-known rules of statutory construction guide our decision in this case. First, when statutory language is clear, we are to declare "what is in terms or substance contained therein," rather than interpret a statute in a way contrary to the plain meaning of its language. Second, when we find it necessary to reconcile different provisions of statutory law we are to arrive at a construction, if possible, which gives effect to all those provisions. *See* § 1-2-101, MCA; *Busch v. Atkinson* (1996), 278 Mont. 478, 483-84, 925 P.2d 874, 877.

¶17 The plain language of § 39-2-904(2), MCA, provides that beyond the probationary

period of employment, an employer may not discharge an employee without good cause. The plain language of § 7-32-4113(1), MCA, provides that a probationary term of employment for a police officer cannot exceed one year. However, subpart (2) then provides for permanent appointment by the city council within 30 days following the probationary period. We conclude that the only manner in which the plain language of both statutes can be reconciled is as follows:

¶18 Police officers in Montana serve a probationary period of employment which cannot exceed one year. During their probationary period of employment they may be terminated by the city's chief executive without cause. However, following satisfactory completion of the probationary period of employment, a police officer cannot be terminated without cause. The good cause provisions of the wrongful discharge from employment act are then applicable. That officer is still subject to confirmation by the city council or commission and does not become a member of the police force subject to other protections afforded to confirmed police officers without confirmation. However, confirmation cannot be denied following the satisfactory completion of the probationary period without good cause.

¶19 In its order granting summary judgment the District Court relied on our decision in *Schend v. Thorson* (1976), 170 Mont. 5, 549 P.2d 809. In *Schend* the appellant was a Whitefish police officer who had been terminated during his period of probationary employment. He contended that when he was discharged by the mayor without a hearing, his right to due process guaranteed by the Fourteenth Amendment to the United States Constitution was violated. We held that as a probationary police officer, he had no vested right prior to confirmation which would entitle him to due process prior to termination. However, *Schend* is clearly distinguishable. First, *Schend* had not completed his probation period and we were not asked to reconcile parts (1) and (2) of § 7-32-4113, MCA. Second, Montana's Wrongful Discharge from Employment Act had not yet been enacted and neither its requirement of "good cause" nor its other provisions were at issue in the *Schend* decision. Therefore, we conclude that *Schend* is not persuasive authority for the City's position or the District Court's decision.

¶20 Likewise, those prior cases cited by the City in support of the City's discretion to terminate police officers are neither factually nor legally similar. *See Gentry v. City of Helena* (1989), 237 Mont. 353, 773 P.2d 309; *Rupnow v. City of Polson* (1988), 234 Mont. 66, 761 P.2d 802; *In re Matter of Raynes* (1984), 215 Mont. 484, 698 P.2d 856.

¶21 For these reasons, we conclude that following completion of his probationary period

of employment which occurred no later than November 29, 1997, Clarence Hobbs could not be terminated from employment with the City of Thompson Falls absent demonstration of good cause for doing so. Therefore, we reverse the judgment of the District Court.

¶22 This case is remanded to the District Court for further proceedings consistent with this opinion.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ JIM REGNIER

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART