CHIEF JUSTICE GRAY
delivered the Opinion of the Court
¶1 Kelly Hunter appeals from the order of the Eighth Judicial District Court, Cascade County, granting summary judgment to the City of Great Falls. We affirm.
¶2 We address whether the District Court erred in granting summary judgment on the basis that, as a probationary employee, Hunter is not entitled to relief under the Montana Wrongful Discharge from Employment Act (Act) or in an action under 42 U.S.C. § 1983 (§ 1983).
BACKGROUND
¶3 Hunter was appointed as a probationary firefighter with the Great Falls Fire Department (Fire Department) on March 1, 1996. Pursuant to § 7-33-4122, MCA, his initial appointment was for a six-month probationary term.
¶4 In August of 1996, Hunter’s superior officers considered whether to promote him to confirmed firefighter. In a memorandum to Fire Department Deputy Chief Wayne Young, Battalion Chief Randall McCamley advised that, while Hunter’s performance had been somewhat erratic and included several “meets or below standard” monthly evaluations, he felt Hunter had the potential to become an *233 effective member of the department. The Fire Department accepted McCamley’s recommendation that Hunter’s probationary status be extended beyond the initial six months and reviewed on a monthly basis.
¶5 On September 30, 1996, McCamley reprimanded Hunter for failing to notify him, as Hunter’s superior officer, that he would be unable to report to work following knee surgery. On October 24,1996, Captain Ron Lee recommended in writing to McCamley that Hunter not be confirmed but, instead, be supervised by one captain for an entire month. In an October 25, 1996, memo to Young, McCamley stated he was unable to recommend Hunter for appointment as a confirmed firefighter based on Hunter’s lack of trust in his immediate supervisor and McCamley, and his lack of understanding of Fire Department policy, rules and regulations. In turn, Young recommended to Fire Department Chief James Hirose that Hunter’s employment be terminated based on his lack of progress in understanding department policies, continuing mistrust of the officers and demonstration of characteristics unbecoming a member of the Fire Department. The City terminated Hunter’s employment with the Fire Department on October 31,1996. Hunter did not dispute or attempt to grieve the extension of his probationary period at any time prior to the termination.
¶6 After his termination, Hunter filed a grievance through the local International Association of Fire Fighters (Firefighters Union). In denying the grievance, Hirose pointed out that Hunter had neither been confirmed nor appointed as a permanent member of the Fire Department. For that reason, Hirose refused to recognize Hunter as a member of the Firefighters Union subject to the grievance procedure.
¶7 Hunter and the Firefighters Union then filed this action. The City moved for summary judgment. It claimed Hunter was not a union member and, even if he were, he was still a probationary employee to whom the Act’s remedies do not apply and, therefore, he also did not possess a property interest in his position for purposes of a civil rights action under § 1983. Hunter argued that, even if not a union member, his claim against the City under the Act should survive because he had served his probationary period. He also contended that, having completed his probationary period, he possessed a property interest in employment subject to due process protections.
¶8 The District Court granted the City’s motion for summary judgment regarding Hunter’s claims under the Act and § 1983, and the Firefighters Union’s claims. Hunter appeals.
*234 STANDARD OF REVIEW
¶9 We review a summary judgment de novo, employing the same standards used by the trial court: first, whether genuine issues of material fact exist and, if not, whether the moving party is entitled to judgment as a matter of law. See Rule 56(c), M.R.Civ.P.; Winslow v. Montana Rail Link, Inc., 2000 MT 292, ¶ 38, 302 Mont. 289, ¶ 38, 16 P.3d 992, ¶ 38. Here, Hunter does not assert the existence of any genuine issue of material fact, but challenges only certain of the District Court’s conclusions of law. We review a district court’s conclusions of law to determine if they are correct. Heller v. Gremaux, 2002 MT 199, ¶ 7, 311 Mont. 178, ¶ 7, 53 P.3d 1259, ¶ 7.
DISCUSSION
¶10 Did the District Court err in granting summary judgment on the basis that, as a probationary employee, Hunter is not entitled to relief under the Act?
¶11 A discharge is wrongful if the employee has completed the employer’s probationary period of employment and the discharge is not for good cause. Section 39-2-904(l)(b), MCA. Hunter contends the District Court erred in concluding he was a probationary employee for purposes of the Act because, in Hobbs v. City of Thompson Falls, 2000 MT 336, 303 Mont. 140, 15 P.3d 418, we concluded an initial probationary period cannot be extended. He is incorrect.
¶12 Hobbs was an action by a discharged police officer against the City of Thompson Falls. The City claimed Hobbs had not successfully completed his probationary period because the City Council had not yet confirmed him as a permanent employee after nearly 13 months’ service in a probationary capacity. On that basis, the City denied that Hobbs was wrongfully terminated and the trial court granted its motion for summary judgment. Hobbs, ¶¶ 3-5, 7-8. We pointed out on appeal that, by statute, the probationary period of employment for police officers in Montana “cannot exceed one year” and that termination without cause is permissible during the probationary period. Conversely, however, the City could not terminate a police officer without cause following satisfactory completion of the statutory one year of probationary service. Hobbs, ¶ 18.
¶13 While Hunter characterizes Hobbs as similar to the present case, he ignores the crucial difference between the statutes addressing probationary periods for police officers and firefighters. The statute regarding police officers at issue in Hobbs provides that “[e]very applicant who has passed the examination and received the certificate *235 referred to in § 7-32-4108 must first serve for a probationary term of not more than 1 year.” Section 7-32-4113, MCA. In other words, the Legislature set a statutory maximum probationary term for a police officer of one year. In contrast, § 7-33-4122, MCA, applicable to firefighters, provides that “[e]ach appointment shall first be made for a probationary term of 6 months, and thereafter the mayor or manager may nominate and, with the consent of the council or commission, appoint such ... firefighters ....” Nothing in the statute limits a firefighter’s probationary term to six months.
¶14 In enacting a law, the Legislature is presumed to have understood the ordinary and elementary rules of construction of the English language. State v. Miller (1988), 231 Mont. 497, 517, 757 P.2d 1275, 1287 (citation omitted). Comparing the two statutes above, it is clear the Legislature is aware of how to set a maximum probationary period, as it did regarding police officers, by using the “not more than” language. It is equally clear the Legislature chose not to do so as to firefighters, instead setting a statutory minimum probationary period by using the words “first be made for a probationary term of 6 months.” We presume that if the Legislature had intended to create a statutory maximum probationary period for firefighters, it would have done so expressly. See MacMillan v. State Compensation Ins. Fund (1997), 285 Mont. 202, 207, 947 P.2d 75, 78 (citation omitted). Moreover, in construing a statute, our job “is simply to ascertain and decide what is in terms or in substance contained therein, not to insert what has been omitted....” Section 1-2-101, MCA. Thus, we cannot add to § 7-33-4122, MCA, the language contained in § 7-32-4113, MCA.
¶15 Hunter further asserts that a fair and reasonable reading of the Act prohibits “unilateral” expansion or extension of an employee’s probationary period. He contends an affirmance of the District Court’s ruling in favor of the City “will nullify the Act by creating a defense which will swallow the Act’s remedial provisions in their entirety.” We disagree.
¶16 In Whidden v. John S. Nerison, Inc., 1999 MT 110, ¶ 19, 294 Mont. 346, ¶ 19, 981 P.2d 271, ¶ 19, we held that, under the plain meaning of § 39-2-904(2), MCA, “a nonprobationary employee may not be discharged without good cause.” We went on to conclude the “employer must define the probationary period at the outset of an employment relationship, and the employer has the burden of showing that a probationary period was in effect at the time of a discharge.” Whidden, ¶ 21. The Whidden conditions deter abusive expansion or extension of probationary periods after the fact, thereby avoiding the *236 prospect of nullifying the protections provided to Montana workers by the Act.
¶17 In this regard, Hunter argues that the City failed to meet the Whidden conditions. While Hunter reasons that a probationary period which may be extended “purely as a matter of discretion” is not one defined at the outset of employment, he mischaracterizes the manner and time in which his probationary period was established.
¶18 As discussed above, the statutory probationary period for firefighters is a minimum six-month term. Moreover, the Fire Department’s policy manual augments statutory provisions regarding firefighters. To be promoted from probationary status to “confirmed Firefighter,” a person must meet the following requirements:
(1) Must have at least six (6) months experience as a Firefighter.
(2) Must meet requirements as set forth in Montana State Fire Codes, Section 7-33-4122, Probationary Period.
Confirmation shall be based on the following:
(1) Must have written recommendation from first line supervisor and Battalion Chief prior to written examination.
(2) Must successfully pass written examination with a minimum score of 75%.
Examinations for confirmation will not be given unless candidates have fulfilled the requirements listed above.
Great Falls Fire Department Policy, Personnel Section, Firefighter Promotion. The Fire Department policy clearly requires a probationary firefighter to do more than just obtain six months of experience on the job to be promoted from probationary status to a confirmed firefighter. The first subsection (2) above tracks the statutory minimum six-month probationary period for firefighters, while the first subsection (1) clarifies that the six months’ experience as a firefighter is a minimum. The additional confirmation requirements also include a written recommendation from two of a probationary firefighter’s supervisors and, finally, a 75% score on an examination not given unless the other requirements are met. These discrete requirements for promotion from probationary status, together with the statutory minimum term set forth in § 7-33-4122, MCA, disprove Hunter’s suggestion that the extension of his probationary period was a matter of pure discretion. The terms of his probationary period were part of the Fire Department’s policy at the time he was hired.
¶19 Further, as to whether the City defined the probationary period at the outset of its employment relationship with Hunter, the City filed *237 two affidavits with the District Court. Ramona Jewett, a City personnel analyst, affirmatively averred that she conducted an employee orientation in which Hunter participated on March 1,1996, and at which she explained that the firefighters’ probationary period would last for six months unless extended. In addition, Young stated by affidavit that he conducted a two-day orientation program for new firefighters in March of 1996 in which Hunter participated. As part of that orientation program, Young outlined for the new firefighters “the progress and improvement required to succeed in advancing from a probationary firefighter to appointment of firefighter.”
¶20 Hunter submitted an affidavit in which he stated “[t]o the best of my recollection, no one employed at the City of Great Falls, including Ramona Jewett, ever told me that my status as a probationary employee could be extended beyond my first six months of employment.” This statement by Hunter, which does not affirmatively meet the affidavit testimony of Jewett and Young, is not sufficient to create a material question of fact as to whether the City satisfied the Whidden condition that it define the probationary period at the outset of the employment relationship. Moreover, Hunter does not argue on appeal that a material issue of fact precluded summary judgment.
¶21 For the reasons stated above, we conclude the City defined the probationary period at the outset of its employment relationship with Hunter and met its burden of showing that a probationary period was in effect at the time of Hunter’s discharge. We hold that the District Court did not err in granting summary judgment on the basis that, as a probationary employee, Hunter is not entitled to relief under the Act. ¶22 Did the District Court err in granting summary judgment on the basis that Hunter is not entitled to relief under § 1983?
¶23 Section 1983 provides civil redress for any person deprived “under color of any statute, ordinance, regulation, custom, or usage, of any State ... of any rights, privileges, or immunities secured by the Constitution and laws ....” Persons who have been deprived by government agents of due process in the termination of employment may be entitled to relief under § 1983 if they have a protected property interest in the employment. Mysse v. Martens (1996), 279 Mont. 253, 260, 926 P.2d 765, 769. Hunter contends his termination violated his civil rights under § 1983 by depriving him of a protected property interest in employment without substantive and procedural due process.
¶24 Tne fundamental premise for Hunter’s § 1983 claim is that he was not a probationary employee at the time his employment was *238 terminated. On that basis, he asserts entitlement to the benefit of our Whidden holding that, under the plain meaning of § 39-2-904(2), MCA, an employer may not discharge an employee without good cause outside the probationary period. See Whidden, ¶ 21. Because we have concluded that Hunter was a probationary employee at the time of his termination, the premise for his § 1983 claim evaporates. Nor does Hunter advance any other authority under which, as a probationary employee, he has a property interest in his employment. Consequently, we need not address his argument regarding whether, post-Whidden, the District Court erred in relying on Medicine Horse v. Trustees, Big Horn County Sch. Dist. (1991), 251 Mont. 65, 823 P.2d 230, overruled in part in Whidden, ¶ 21.
¶25 We hold the District Court did not err in granting summary judgment on the basis that, as a probationary employee, Hunter is not entitled to relief under § 1983.
¶26 Affirmed.
JUSTICES COTTER, LEAPHART and NELSON concur.