JUSTICE TRIEWEILER
dissenting.
¶33 I dissent from the majority Opinion which first cites the correct rule of statutory construction and then completely ignores it as well as our controlling precedent in Hobbs v. City of Thompson Falls, 2000 MT 336, 303 Mont. 140, 15 P.3d 418. Instead, the majority Opinion adds language to § 7-33-4122, MCA, which is not there and engages in a game of semantics to deny Kelly Hunter his day in court.
¶34 Section 39-2-904(l)(b), MCA, provides:
(1) A discharge is wrongful only if:
(b) the discharge was not for good cause and the employee has completed the employer’s probationary period of employment', [Emphasis added.]
¶35 In this case, Kelly Hunter’s probationary period of employment with the Great Falls Fire Department was established by statute. Section 7-33-4122, MCA, provides in relevant part that:
Term of appointment of firefighters - probationary period. Each appointment shall be first made for a probationary term of 6 months, and thereafter the mayor or manager may nominate *240 and, with the consent of the counsel or commission, appoint such ... firefighters, who shall thereafter hold their respective appointments during good behavior and while they have the physical ability to perform their duties. [Emphasis added.]
¶36 Section 7-33-4122, MCA, clearly establishes a six-month probationary period of employment for firefighters. It does not establish a “minimum six-month term” as stated by the majority in ¶ 18. The majority added that language in direct contravention of its earlier admonition that:
Moreover, in construing a statute, our job ‘is simply to ascertain and decide what is in terms or in substance contained therein, and not to insert what has been omitted....’ Section 1-2-101, MCA.
Majority Opinion at ¶ 14.
¶37 In Hobbs, the plaintiff had been hired by the City of Thompson Falls as a police officer on November 29, 1996, and was terminated more than a year later on December 15,1997. The City agreed that he had been terminated without cause but contended he had not completed his probationary period. The district court concluded he was still a probationary employee at the time of his termination because he had not yet been confirmed as a permanent member of the police force. We concluded otherwise. In our Opinion, we stated that because the Wrongful Discharge From Employment Act prohibits discharge of an employee following his probationary period without good cause and because § 7-32-4113, MCA, limits a police officer’s probationary period to not more than one year, confirmation by the city council or commission cannot be denied following the one-year period without good cause. Hobbs, ¶ 18.
¶38 The majority states there is a “crucial difference” between the probationary employment statutes applying to police officers and firefighters. The majority concludes that because the statute which pertains to police officers provides for a probationary period of employment of “not more than 1 year” and the statute pertaining to firefighters provides for a “probationary term of 6 months,” a firefighter’s probationary period can actually be more than six months. The majority is not impressed by the fact that the statute provides for nothing other than a six-month period of probationary employment for firefighters. Instead, the majority talks about the local fire department’s policy manual regarding promotion to “confirmed firefighter.” However, those criteria simply relate to whether employment should be extended past the probationary period or whether there is good cause for termination following completion of the *241 probationary period. In tbás case, Hunter was employed past the probationary period and whether there was good cause for his determination is a question of fact which has not been decided by the District Court. Furthermore, where inconsistent with statutory law, local administrative rules are preempted. Therefore, I find nothing persuasive about the majority’s discussion of Great Falls Fire Department’s policy manual.
¶39 Aside from its disregard of statutory law and our precedent, the majority Opinion does great harm to the substantive rights provided to employees under Montana law. Montana law as set forth in the Wrongful Discharge from Employment Act clearly intends that employers be allowed to hire employees during a probationary period without any commitment and that, during that time, the employer retain the right to terminate the employee with or without cause. However, once an employer has made a decision to retain an employee past the probationary period, Montana law clearly prohibits terminating that employee without good cause. If employers are allowed to extend the probationary period beyond what is agreed to with the employee at the outset of the employment or beyond what is permitted by statute, then the statutory scheme is meaningless and the protective purpose of the Wrongful Discharge From Employment Act can be circumvented at will.
¶40 For these same reasons, I conclude that Hunter had a property interest in his employment which could not be denied without due process of law.
¶41 Therefore, I dissent from the majority Opinion. I would reverse the summary judgment order of the District Court and remand this case to the District Court for further proceedings to determine whether there was good cause for Hunter’s termination from employment with the Great Falls Fire Department.
JUSTICE REGNIER joins in the foregoing dissent.